**H. T. HORN, Appellant,**

v.

**E. J. MAPLES et al., Appellees.**

**No. 14521.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 5, 1966.

Rehearing Denied Nov. 2, 1966.

Walker F. Means, Barstow, Murray J. Howze, Monahans, for appellant.

Norman C. Davis, Marfa, Johnson & Dionne, Fort Stockton, for appellees.

MURRAY, Chief Justice.

This suit was instituted by John L. Shaw, Walker Bryan, Ralph J. Harris, James M. Robertson and Norman C. Davis, seeking to recover the amount of principal, interest and attorney's fees due on two promissory notes, and to foreclose a vendor's lien upon certain real and personal property. The two promissory notes were executed by H. T. Horn, Raymond Burbach and Marion Horn Burbach. Certain junior lienholders were also made defendants.

Later, E. J. Maples intervened, alleged that he had purchased the interest of all the original plaintiffs in this lawsuit on August 11, 1965, and asked that he be made the party plaintiff.

The trial was to a jury and, after hearing of evidence, resulted in an instructed verdict in favor of appellees and the rendition of a judgment in favor of E. J. Maples and Norman C. Davis against H. T. Horn, Raymond Burbach and Marion Horn Burbach, for certain sums of money and for foreclosure of the vendor's lien securing the two promissory notes sued on. H. T. Horn alone has prosecuted this appeal by filing a transcript but no statement of facts.

Appellant sets out two points of error in his brief, contending that they present fundamental error. His two points read as follows:

"1. Florence Burbach, the widow of original defendant, Raymond Burbach, and an owner in her own right of part of the property upon which alleged vendor's liens were attempted to be foreclosed by the judgment, was both a necessary and an indispensable party to the foreclosure suit, but was not made a party to such suit and the trial Court committed fundamental error in proceeding to enter judgment without her being brought in as a party to the action.

"2. The judgment foreclosing the alleged vendor's lien upon the personal property was so uncertain and indefinite as to be incapable of being carried into execution by ministerial officers without ascertainment of facts not stated therein and would require fact findings of a court or jury to determine the relief it grants and is void, and the entry of such an uncertain and indefinite judgment by the trial Court was fundamental error."

As to the contention made in point "1" that Raymond Burbach died before the trial and that his wife, Florence Burbach, was a necessary and indispensable party to the foreclosure suit, there is absolutely nothing in this record to show that Ray-

mond Burbach is dead and Florence Burbach is his widow. There was no suggestion of death filed and, so far as this record shows, there is nothing to substantiate appellant's contention that Raymond Burbach is now dead, other than the statement to that effect contained in his brief. The judgment recites that Raymond Burbach appeared by his attorney and announced ready for trial, and, in the absence of something in the record to the contrary, we are bound by the recitals in the judgment. H. T. Horn stated in his verified pleading that he had purchased the interest of Raymond Burbach and Marion Horn Burbach in the property here involved, so why should he now be permitted to complain because the alleged wife of Raymond Burbach was not made a party to this suit? He does not show that he has been injured by a failure to make her a party to the suit.

The personal property involved in the judgment was described as follows:

"Together with all of the buildings, machinery, equipment, tools and all other personal property, including fixtures, constituting and comprising all of the ice-making facilities and plant situated in the Town of Presidio, Presidio County, Texas; heretofore occupied and used in the operation of the manufacture and making of ice by the West Texas Utilities Company, and by the West Texas Ice Company in the Town of Presidio, Presidio County, Texas."

The personal property located at Marfa was similarly described. The real estate located at Presidio and Marfa was fully described in the judgment by metes and bounds.

■ The descriptions of the personal property were not so vague and indefinite as to render this judgment void.

■ Appellant attempts to set out in his brief his version of the evidence given on the trial as to the description of the property, but of course we cannot consider this in the absence of a statement of facts.

The basis of the claim to this property by H. T. Horn is the warranty deed executed by the original plaintiffs to Raymond Burbach, Marion Horn Burbach and himself, in which the vendor's lien was retained. The description in the judgment is the same as was contained in the deed. It is plain that the intention was to foreclose on the same property conveyed by the original deed. In the absence of a statement of facts we are unable to determine whether there had been changes in the original property, and what those changes were, if any.

There is nothing in the record to indicate that the officer executing the order of sale experienced any difficulty in locating the personal property.

The judgment is affirmed.