**H. T. HORN, Appellant,**

v.

**E. J. MAPLES et al., Appellees.**

**No. 5994.**

Court of Civil Appeals of Texas.

El Paso.

March 19, 1969.

Rehearing Denied April 23, 1969.

———◆———

Donald Childers, El Paso, for appellant.

Hart Johnson, Fort Stockton, for appellees.

## OPINION

CLAYTON, Justice.

Appellant H. T. Horn and others signed two vendor's lien notes secured by certain real and personal property situated in Presidio County, Texas, which liens were retained in a deed from the grantors dated March 18, 1958 to grantees and by the grantors assigned to intervenor, E. J. Maples, with the exception of the lien retained by one Norman C. Davis. Upon default in the payment of the notes, the grantors and intervenor filed suit against grantees in cause No. 4406 in the District Court of Presidio County, Texas, for the unpaid balance of the notes and foreclosure of the liens. Trial in that case was to a jury, but at the end of the evidence the judge granted an instructed verdict for plaintiffs. The judgment foreclosed the liens on the real property involved and also contained the provision:

> "Together with all of the Buildings, machinery, equipment, tools and all other personal property, including fixtures, constituting and comprising all of the ice-making facilities and plant situated in the Town of Marfa, Presidio County, Texas; heretofore occupied and used in the operation of the manufacture and making of ice by the West Texas Utilities Company, and by the West Texas Ice Company in the Town of Marfa, Presidio County, Texas."

An order of sale was issued and the property sold to the said E. J. Maples as the highest bidder. The sheriff requested appellant Horn to deliver to him the keys to the property, which appellant claims he did only after exacting a promise that he could remove certain articles of personal property he stated were contained in the building. He claims that later he was denied permission to enter the building or remove anything therefrom, and as a result he then filed the instant suit, No. 4515, claiming a conversion of certain property by the sheriff and Maples. The defendants in that suit filed a motion for summary judgment which was granted, and this appeal resulted. No transcript of testimony or statement of facts is presented.

An appeal in the original suit, No. 4406, was taken by Horn to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, which resulted in an opinion affirming in all respects the judgment of the trial court. No application for writ of error was made, and thus this opinion made the trial court's judgment final. Horn v. Maples, 407 S.W.2d 867 (San Antonio, Tex.Civ.App., n.w.h.). In the instant case the trial court held that the final judgment in cause No. 4406 was res adjudicata of all issues in the instant cause, and thus granted the motion for summary judgment in this cause No. 4515. We affirm that judgment.

Appellant offers two points of error:

### "FIRST POINT OF ERROR

"THE DISTRICT COURT ERRED IN CONCLUDING THAT THE SALE OF PERSONAL PROPERTY ORDERED UNDER THE FINAL JUDGMENT IN CAUSE #4406 INCLUDED THAT PERSONAL PROPERTY IN DISPUTE IN CAUSE #4515.

### "SECOND POINT OF ERROR

"THE DISTRICT COURT ERRED IN HOLDING THAT THE FINAL JUDGMENT IN CAUSE #4406 RENDERED RES ADJUDICATA ALL ISSUES IN CAUSE #4515."

Appellees replied that the granting of the motion for summary judgment was justified by the language of the judgment in cause No. 4406 that *all* personal property was ordered sold, which must have included that described in cause No. 4515 and therefore was res adjudicata of the issues in cause No. 4515; also that the money judgment in cause 4406 was to cover the money judgment granted appellee Maples against appellant Horn.

From the record we are of the opinion that appellant's points of error must be overruled and the judgment of the trial court affirmed.

ON MOTION FOR REHEARING

PRESLAR, Justice.

Appellant reads our statement—"No transcript of testimony or statement of facts is presented"—to mean that none was filed. A statement of facts was filed in this court, but no question is presented by it.

Appellant's Motion for Rehearing is overruled.