David T. BARD, Commissioner of Banking and Insurance of the State of Vermont, Appellant,

v.

FRANK B. HALL & COMPANY, Appellee.

No. 04–88–00076–CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1989.

Rehearing Denied March 30, 1989.

James E. Ingram, Steve A. Peirce, McCamish, Ingram, Brown & Loeffler, James S. Cheslock, Jeffers, Brook, Kreager & Gragg, San Antonio, for appellant.

Judith R. Blakeway, Matthews & Branscomb, San Antonio, for appellee.

Before BUTTS and CHAPA, JJ., and GERALD T. BISSETT, Assigned Justice *.

## OPINION

GERALD. T. BISSETT, Assigned Justice.

This is an appeal from a district court's dismissal of a civil action for want of prosecution and the subsequent denial of plaintiff's motion to reinstate. We affirm.

* Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov.

On May 31, 1985, David T. Bard, the Commissioner of Banking and Insurance for the State of Vermont and Receiver for Ambassador Insurance Company, hereafter "plaintiff," filed suit against Frank B. Hall & Company, hereafter "defendant," to recover unpaid insurance premiums allegedly due and unpaid under a general agency contract. Defendant answered with a general denial on July 15, 1985. The suit was dismissed for want of prosecution, and plaintiff's motion for reinstatement was denied.

In addition to the filing of plaintiff's original petition, the filing of defendant's original answer, the rendition of the orders of dismissal, and refusal to reinstate, as above noted, the transcript shows the following activities:

(1) On December 4, 1985, plaintiff sent interrogatories and a request for the production of documents to defendant;

(2) On January 8, 1986, defendant sent interrogatories and a request for the production of documents to plaintiff;

(3) On February 10, 1986, plaintiff filed objections to defendant's request for the production of documents;

(4) On February 15, 1986, defendant filed a motion to compel plaintiff to produce the requested documents for inspection and copying;

(5) On March 18, 1986, the judge issued a protective order, which was agreed to by the parties;

(6) On April 11, 1986, the judge signed an agreed order, whereby a) plaintiff was to "produce" his records to defendant in San Antonio within 60 days after defendant "produced" its record to plaintiff, and b) the case was not to be set for trial until 180 days after plaintiff produced his records;

(7) On May 28, 1986, defendant filed its answers to the interrogatories sent to it by plaintiff, and on the same day, filed a response to plaintiff's request for the production of documents;

Code Ann. 74.003 (Vernon's 1988).

(8) On June 24, 1986, plaintiff filed his first amended petition;

(9) On October 16, 1986, defendant filed a motion to compel plaintiff to inspect the documents which plaintiff had requested it to produce for inspection;

(10) On October 16, 1986, defendant filed a counterclaim against plaintiff;

(11) On October 22, 1986, plaintiff filed a response to the motion filed by defendant on October 16, 1986, wherein he asked that he be given "at least 60 additional days" to examine the documents produced by defendant for his inspection;

(12) On November 3, 1986, the judge ordered plaintiff to inspect and copy the records produced by defendant on or before November 11, 1986;

(13) On November 5, 1986, plaintiff filed a motion for the appointment of an auditor "to state the accounts between the parties herein;" the motion was denied; plaintiff then filed a motion that the judge reconsider his refusal to appoint an auditor; this motion was also denied;

(14) On November 12, 1986, plaintiff filed his second amended petition;

(15) On December 23, 1986, and on February 3, 1987, plaintiff filed motions for partial summary judgment; defendant responded to both motions; the judge denied both motions by order signed on March 5, 1987;

(16) On February 9, 1987, defendant filed an answer to plaintiff's "second amended petition;" and,

(17) On February 17, 1987, plaintiff filed a motion to strike defendant's answer to his second amended petition; the motion was overruled on March 5, 1987.

On October 21, 1987, a "Notice of Setting" was issued placing the case on the dismissal docket for November 13, 1987. The Notice reads as follows:

BY DIRECTION OF THE PRESIDING JUDGE OF SAID COURT NOTICE IS HEREBY GIVEN YOU THAT THE ABOVE CAUSE(S), UPON ORDER OF COURT IS SET FOR DISMISSAL ON THE 13TH DAY OF NOVEMBER, 1987, A.D., AT 02:00 O'CLOCK P.M., IN THE 288TH DISTRICT COURT, SECOND FLOOR BEXAR COUNTY COURTHOUSE, SAN ANTONIO, TEXAS 78205. YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION.

Accompanying the "Notice of Setting" was a "Notice to Attorneys" from the Presiding Judge. The "Notice to Attorneys" reads as follows:

COURT APPEARANCES WILL BE REQUIRED BY ALL LAWYERS OF RECORD ON THE DATE OF SETTING FOR DISMISSAL. ALL MOTIONS TO SET *"JURY"* DOCKET OR *"NON-JURY"* DOCKET FROM THE DISMISSAL DOCKET ARE REQUIRED TO BE MADE AT THAT TIME WITH THE APPROVAL OF THE PRESIDING JUDGE OF THE *DISMISSAL DOCKET.*

On October 23, 1987, counsel for defendant filed a demand for a jury trial.

The instant cause, along with other causes, was dismissed for want of prosecution by order signed on November 18, 1987. The order of dismissal, in relevant part, states:

ON THE 13TH DAY OF NOVEMBER, 1987 CAME ON TO BE HEARD AT 02:00 P.M. THE FOLLOWING NUMBERED AND ENTITLED CAUSES.... ALL OF SAID CAUSES AS SAME WERE REACHED UPON THE CALL OF THE DOCKET, HAVING FAILED TO APPEAL IN PERSON OR BY ATTORNEY, OR MAKE ANY ANNOUNCEMENT, THE COURT IS OF THE OPINION THAT EACH AND ALL OF SAID CAUSES SHOULD BE DISMISSED FOR THE WANT OF PROSECUTION.

Plaintiff filed a verified motion for reinstatement of the cause under TEX.R. CIV.P. 165a on December 4, 1987. It was alleged:

(1) On October 27, 1987, Plaintiff's counsel received the attached "Notice of Setting" and the accompanying "Notice to Attorneys" from the Presiding Judge (Exhibits "A" and "B", [sic] respective-

ly). The Notice of Setting provides that this cause was set for hearing on the dismissal docket at 2:00 p.m. on November 13, 1987. The Notice to Attorneys states that "ALL MOTIONS TO SET ... FROM THE DISMISSAL DOCKET ARE REQUIRED TO BE MADE *AT THAT TIME* WITH THE APPROVAL OF THE PRESIDING JUDGE OF THE DISMISSAL DOCKET."

(2) On November 13, 1987, attorney James Cheslock timely appeared at the dismissal docket hearing in behalf of Plaintiff and moved that the cause be set for trial. Mr. Cheslock informed the court that James Handley, the attorney who had been responsible for the case for the past year, had recently resigned from the firm. He requested that the case be specially set because Ambassador [Bard] does not maintain any offices in Texas; its principal offices are in Vermont and it will be necessary to bring witnesses to Texas for trial. Counsel for Defendant asked that the case be dismissed [sic] and the Presiding Judge dismissed the case.

(3) This is an action to recover approximately $485,000.00 owed by Defendant to Ambassador, which is in receivership and in the process of being liquidated. Ambassador's [Bard's] claims are based on a contract between Ambassador and Defendant. Plaintiff is the Receiver for Ambassador. Actions to recover amounts owed to Ambassador have been brought in Texas and numerous other states. Ambassador's small staff has been required to provide information to support all such litigation.

(4) The attorneys who had been assigned to this case, David Hurt and James Handley, are no longer associated with this firm. Mr. Handley was assigned the case in August of 1986, after Mr. Hurt left the firm to open his own office in Austin. Mr. Hurt had been assigned to the case in October of 1985. The undersigned counsel were not aware that Mr. Handley had not filed a motion to set the case.

(5) Counsel for Plaintiff maintain that Plaintiff's claims have merit.

The motion for reinstatement was heard on December 17, 1987, and was denied by order signed on January 7, 1988.

Plaintiff presents three points of error. They read:

POINT OF ERROR ONE: the trial court erred in dismissing the cause for want of prosecution where (A) the cause had not been pending an excessive amount of time; (B) there had been substantial activity on the cause while it was pending; (C) the attorneys responsible for the cause had resigned; (D) the appellant appeared at the dismissal docket hearing and requested that the cause be set for trial; and (E) appellee did not claim prejudice and requested a jury trial of [sic] the eleventh hour.

POINT OF ERROR TWO: The court erred in dismissing the case for want of prosecution under Rule 165a where counsel appeared at the dismissal docket hearing and requested a setting pursuant to the written notices he had been supplied.

POINT OF ERROR THREE: The court erred in refusing to reinstate the case where there had been substantial activity on the case while it was pending and the failure to set the case for trial was not intentional or the result of conscious indifference but was due to accident or mistake and was reasonably explained.

TEX.R.CIV.P. 165a, as it existed at the time prior to this appeal, in pertinent part, provided:

Section 1. Dismissal. A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which the party or attorney had notice, or on failure of the party or his attorney to request a hearing or take other action specified by the court within fifteen days after the mailing of notice of the court's intention to dismiss the case for want of prosecution....

Section 2. Reinstatement. A motion to reinstate shall set forth the grounds

therefor and be verified by the movant or his attorney....

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure had been otherwise reasonably explained.

. . . .

Section 3. Cumulative Remedies. This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedure and timetable is applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

A trial court has judicial discretion in dismissing a case for want of prosecution, and its action in so doing will be reversed only upon a showing of a clear abuse of discretion. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Pollok v. McMullen Oil & Royalty Co.,* 383 S.W.2d 837, 838 (Tex.Civ.App.—San Antonio 1964, writ ref'd).

■ A trial court has inherent authority to dismiss a case for want of prosecution without statutory or rule authority. *State v. Rotello,* 671 S.W.2d 507, 508–09 (Tex. 1984); *Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976).

■ On the issue of dismissal for want of prosecution, the sole test is whether the case was prosecuted to judgment with reasonable diligence, and if the plaintiff fails to do this, the court has the inherent power to dismiss the case for lack of diligence in its prosecution. *Frank v. Canavati,* 612 S.W.2d 221, 222 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522, 524 (Tex.Civ.App.—Beaumont 1979, no writ).

The purpose of Rule 165a is to ameliorate the effects of dismissals for want of prosecution. *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980). Under the rule, whether the "attorney's conduct was 'not intentional or the result of conscious indifference' is a fact-finding within the trial court's discretion." *Price v. Firestone Tire & Rubber Co.,* 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ).

■ Plaintiff's petition was filed on May 31, 1985. The order of dismissal was signed on November 18, 1987. During that period of time (thirty months), there was substantial activity in the case from the date of filing until March 5, 1987, when the judge overruled plaintiff's motion to strike defendant's answer to his second amended petition. The traditional factors generally considered in dismissals are the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay. *See NASA I Business Center v. American National Insurance Co.,* 747 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.]), *writ denied per curiam,* 754 S.W.2d 152 (Tex.1988). A request by the plaintiff at the dismissal docket call hearing that the case be set for trial does not, of itself, preclude the dismissal of the action. *Reed v. Reed,* 158 Tex. 298, 311 S.W.2d 628, 630 (1958); *Sustala v. El-Romman,* 712 S.W.2d 164, 166 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

The record consists of the transcript only. It does not contain findings of fact. There is no statement of facts covering either the dismissal hearing on November 13, 1987, or the reinstatement hearing on December 17, 1987.

■ Plaintiff argues that, even though there is no statement of facts before this Court, "the level of activity and the short tenure of the case as shown by the transcript is by itself a sufficient record to show that an abuse of discretion occurred." We do not agree. While there was considerable activity by plaintiff in the case after his original petition was filed on May 31, 1985, until February 17, 1987, when he filed a motion to strike defendant's answer to his second amended petition (which was overruled on March 5, 1987), there was no activity by plaintiff until November 13,

1987, when, according to plaintiff's brief, counsel for plaintiff appeared at the dismissal docket call and requested a trial setting. Plaintiff made no effort to get the case set for trial prior to the dismissal docket call, even though the case had been on file for approximately thirty months prior to dismissal. Plaintiff had an opportunity to be heard before the case was dismissed. He did not present any evidence at either the dismissal docket call or the hearing or in his motion for reinstatement. An examination of the transcript does not show a clear abuse of discretion.

Plaintiff, in support of his argument that the court below abused its discretion in dismissing the case and in refusing to reinstate it, relies particularly upon *NASA I Business Center v. American National Insurance Co.*, 747 S.W.2d at 38, wherein the court held that a case which had been on the docket for four and one-half years should not have been dismissed for want of prosecution based on the following factors: 1) the length of time the case had been on the docket; 2) the fact that the plaintiff had certified that it was ready and willing to go to trial; 3) the time and effort expended during the last eighteen months; and 4) the fact that the defendant did not oppose plaintiff's motions to retain or reinstate.

In *NASA I*, plaintiff, almost a year before he received notice that the case was on the dismissal docket, formally notified the defendant and the trial court that the case was ready for trial, thus showing that at that time he was diligently attempting to prosecute the case to trial and judgment. That is not the case here. We note that the Houston Court of Appeals also held that the trial court denied plaintiff a hearing on its motion to reinstate, and this also amounted to an abuse of discretion: this ruling was the subject of the Supreme Court's per curiam opinion in the case. The Supreme Court neither approved nor rejected the court of appeals' decision on the abuse of discretion concerning the four factors, above stated.

Plaintiff also argues: "Numerous cases involving dismissals for want of prosecu-

tion have been decided largely on facts taken from the transcript rather than from the statement of facts." He relies on *Brown v. Prairie View A & M University*, 630 S.W.2d 405, 413 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *William T. Jarvis Co. v. Wes-Tex Grain Co.*, 548 S.W.2d 775, 778 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.); *Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948, 954–55 (Tex. Civ.App.—Houston 1967, writ ref'd n.r.e.); and the recent case of *Collier Manufacturing & Supply, Inc. v. InterFirst Bank Austin, N.A.*, 749 S.W.2d 560, 563–65 (Tex. App.—Austin 1988, no writ). Plaintiff's reliance on those cases is misplaced.

In *Brown*, the case was set for trial when Dr. Walker (a defendant) died in April 1979. Plaintiff filed a suggestion of Dr. Walker's death on May 11, 1979. Counsel for plaintiff experienced difficulties in obtaining the address of the substitute executrix of Dr. Walker's estate. On August 28, 1981, approximately twenty-eight months after Dr. Walker's death, the trial judge dismissed the action against the substitute executrix on the ground that the suit "has just been around too long." The appellate court reversed and reinstated the action for the reasons:

> [I]n the interim between Dr. Walker's death and the trial court's order of dismissal for want of prosecution, this lawsuit had not lain dormant; Mrs. Brown filed amended petitions in August and November, 1980, and in April and June, 1981, and filed a response to Dr. Owen's Motion for summary judgment in July, 1981.

As noted, the case was dismissed on August 28, 1981. In the instant case, there was no activity *by plaintiff* from February 17, 1987, until the dismissal docket call on November 13, 1987: almost nine months.

In *Rorie*, the court of civil appeals reversed the order of dismissal for the reasons: 1) the unsettled state of the law prior to 1965; and 2) the tremendous amount of activity in the case for some eight months prior to its dismissal. Moreover, at the hearing on the motion to dismiss, evidence was introduced consisting of the testimony

of the attorneys representing the parties. Here, there was no activity by the plaintiff of any kind during the nine months prior to the hearing on the cases affected by the dismissal docket call, and no evidence was introduced at either the dismissal docket call or the hearing on plaintiff's motion to reinstate the cause.

In *William T. Jarvis Co.*, the plaintiff, on January 14, 1976, obtained from the trial court a preferential trial setting for May 10, 1976. Then, on March 12, 1976, a hearing was held on the defendant's motion to dismiss for want of prosecution. Thereafter, on April 25, 1976, the case was dismissed by order of the district court. The appellate court held that an abuse of discretion had been shown. In that case, there was considerable activity by plaintiff from October 3, 1975, until the hearing on defendant's motion to dismiss, which was held on March 12, 1976. There, the procedural facts are totally different from the facts in the case before us in this appeal.

*Collier Manufacturing & Supply, Inc.* is not in point. In that case, a statement of facts was filed in the appellate court, and, apparently, the case was dismissed without giving the plaintiff an opportunity to be heard *before* dismissal. Here, a statement of facts does not appear in the record and plaintiff *was* given an opportunity to be heard on the matter of dismissal for want of prosecution.

Plaintiff, in his motion for reinstatement, alleged that he appeared at the dismissal docket hearing on November 13, 1987; that he moved that the cause be set for trial; and that he informed the judge of the reasons the cause should not be dismissed. The same statements appear in plaintiff's brief. However, the order of dismissal states that upon call of the dismissal docket the plaintiff "failed to appear in person or by attorney, or make any announcement." Therefore, there is a conflict in what plaintiff claims took place at the hearing and the recitals set out in the order of dismissal.

As already stated, a record was not made of the hearing at the dismissal docket call. In that state of the record, we are bound by the rule which states that recitals in the "judgment import the highest evidence of verity and are generally taken as true when there is is nothing in the record to contradict them." *See generally,* 5 TEX. JUR.3d, *Appellate Review* § 697 (1980). The record in this case fails to show the facts asserted by plaintiff; no bill of exceptions appears which attacks the recitals contained in the order of dismissal.

■ While plaintiff's allegation in his motion for reinstatement and the statements made in his brief may accurately reflect what occurred off the record at the hearing on the dismissal docket call, allegations in a pleading or statements in a brief unsupported by the record will not be accepted by an appellate court as facts. *Horn v. Maples,* 407 S.W.2d 867, 869 (Tex. Civ.App.—San Antonio 1966, no writ).

Plaintiff received a hearing on his motion to reinstate the cause. Counsel for plaintiff appeared at the hearing, at which time he had the opportunity to present evidence excusing the failure to take any action in the case subsequent to February 17, 1987. Even though plaintiff alleged facts dealing with the reasons the cause should be reinstated, there is no showing that evidence relating to such reasons was presented to the trial judge.

With no statement of facts or findings of fact before us, we must presume that the presiding judge at the dismissal hearing and the trial judge at the hearing on plaintiff's motion to reinstate the cause had before them, at the respective hearings, all necessary facts to support the orders and passed on such facts which were necessary to support the orders. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Knight v. Trent,* 739 S.W.2d 116, 119 (Tex.App.—San Antonio 1987, no writ).

■ When the complaining party does not offer any evidence at either the hearing on dismissal or on the motion to reinstate the cause, there is no abuse of discretion by the trial court in dismissing the cause for want of prosecution. *Balla v. Northeast Lincoln Mercury,* 717 S.W.2d 183, 185

(Tex.App.—Fort Worth 1986, no writ); *Frank v. Canavati*, 612 S.W.2d at 222–23.

We have considered all points of error which have been brought by plaintiff. They are overruled.

The orders dismissing and denying plaintiff's motion to reinstate for want of prosecution are affirmed.