NO. 07-04-0573-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 7, 2005

______________________________

JASON ANTHONY JUVENAL, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 45,687-C; HON. PATRICK PIRTLE, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Jason Anthony Juvenal, appeals from a judgment adjudicating him guilty of  sexual assault and sentencing him to prison.  His sole issue involves the purported ineffective assistance received from his counsel.  The latter was purportedly ineffective because he failed to request a separate  punishment hearing or object to the lack of one.  We affirm the judgment of the trial court. 

Appellant pled guilty to the charged offense, but adjudication of his guilt was deferred.  The trial court then placed him on community supervision for seven years.  Thereafter, the State filed a motion and an amended motion to proceed with the adjudication of appellant’s guilt.  At the hearing which followed, the trial court found that appellant violated a term of his community supervision and decided to adjudicate him guilty of the original offense.  Defense counsel was then asked if “there [was] any reason why the Court should not proceed with sentencing,” and counsel replied, “[n]o, Your Honor.”  At that point, appellant was sentenced to 15 years in prison.  Now appellant claims his counsel was ineffective because he failed to seek a separate punishment hearing.  

One claiming ineffective assistance of counsel must establish not only that his counsel was deficient but also that the deficiency was prejudicial.  
Bone v. State, 
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  And, to be prejudicial, the record must show that there exists a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different.  
Id.  
This occurs when the circumstances undermine our confidence in the outcome of the proceeding.  
Id.
  Moreover, if either or both prongs of the test go unsatisfied, then the claim must be rejected.  

   Next, while authority holds that a defendant should be accorded an opportunity to offer evidence in mitigation of punishment after an adjudication of guilt, there is no absolute right to a separate hearing on the matter.  
Hardeman v. State, 
1 S.W.3d 689, 690 (Tex. Crim. App. 1999).  Rather, the trial court need only afford the defendant an opportunity to present evidence sometime during the proceedings.  
Pearson v. State, 
994 S.W.2d 176, 179 (Tex. Crim. App. 1999); 
Lopez v. State, 
96 S.W.3d 406, 413 (Tex. App.Austin 2002, pet. ref’d).  

In complaining of his attorney’s conduct, appellant says nothing about having evidence relevant to the issue of punishment which he was unable to present.  Nor does he contend that he had pertinent argument that went unmentioned due to the trial court’s action.  In short, he made no showing of how the outcome probably would have differed had he been granted a separate hearing on punishment.  This alone warrants the denial of his claim.  
Ladd v. State, 
3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that the failure to address the matter of prejudice warrants the denial of appellant’s claim).  

Yet, we further note that appellant testified at the hearing upon the State’s motion to adjudicate.  While doing so, he explained how he did not want to go to prison and how he understood the seriousness of his obligation to attend sex offender treatment.  So too did he ask the trial court to allow him to remain on deferred adjudication because he had just married, was trying to start a family with his new wife, and wanted an opportunity to regain custody of his children from CPS.  Appellant also told the trial court that he would do everything he could to attend classes.  One can reasonably construe the foregoing testimony as evidence touching upon punishment, especially when we are not informed of any other matter appellant hoped to present.

 In sum, because the trial court did receive information and argument relevant to punishment and because appellant failed to illustrate that he had other relevant evidence on the matter, we cannot say that appellant established the prejudice required by 
Bone.  
Accordingly, we overrule the issue and affirm the judgment.

Brian Quinn 

           Chief Justice 
 

Do not publish. this court on August 13, 2007.  On September 24, 2007, the clerk’s record was filed, consisting of the order of dismissal, Kriegel’s notice of appeal, and the court’s docket sheet. 

Because it appeared Kriegel’s complaint was the trial court improperly dismissed his suit for failure to serve Zapalac, and as the clerk’s record did not contain citation with return, we notified Kriegel of the contents of the record by letter of September 28, 2007.  We granted Kriegel until October 15, 2007, to file a supplemental clerk’s record containing additional documents he believed material to his appeal.  Kriegel made no response to the letter and no supplemental clerk’s record was received by October 15, 2007.

Issue

Kriegel’s brief fails to comply with the requirements of Tex. R. App. P. 38.1 in several respects and for the essential requirements of an appellant’s brief we refer Kriegel to the text of Rule 38.1.  However, in a single issue Kriegel argues: 

“Appellant presented information to the Court showing service was lawfully presented on Appellee.”
(footnote: 3)

Discussion

We review an order of dismissal for want of prosecution under a clear abuse of discretion standard.  
MacGregor v. Rich, 
941 S.W.2d 74, 75 (Tex. 1997).  A trial court abuses its discretion when it acts without reference to guiding rules and principles.  
Downer v. Aquamarine Operators, Inc., 
701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied, 
476 U.S. 1159, 90 L. Ed. 2d 721, 106 S. Ct. 2279 (1986).  A trial court's authority to dismiss a case for want of prosecution proceeds from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the common law, which vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.  
Villarreal v. San Antonio Truck & Equip.,
 994 S.W.2d 628, 630-31 (Tex. 1999).  The record here provides no indication that the trial court acted under Rule 165a so we interpret the basis of its dismissal authority to be its inherent power.

Merely filing suit did not bring Zapalac within the jurisdiction of the trial court.  
See, e.g., Wilson v. Dunn
, 800 S.W.2d 833, 836 (Tex. 1990) (defendant’s actual knowledge of suit not sufficient to invoke court’s jurisdiction to render default judgment; jurisdiction dependent on citation issued and served in manner provided by law).  It was for Kriegel to request process and ensure its proper service on Zapalac.  
"Upon the filing of the petition, the clerk, 
when requested
, shall forthwith issue a citation and deliver the citation 
as directed 
by the requesting party.  The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."  Tex. R. Civ. P. 99(a) (emphasis supplied).  Kriegel’s failure to properly bring Zapalac before the court meant his suit lay dormant on the trial court’s docket.  Moreover, it was Kriegel’s failure to properly obtain service and file the return that prompted the trial court’s warning of impending dismissal. 

Despite Kriegel’s claim in this court that he provided proof of service for the trial court before June 19, 2007, the record, which is the sole object of our review, speaks otherwise.  
The court’s order of dismissal states the court’s finding “that no citation, or process under Rules 108 or 108a, TRCP, with proper proof of service on William C. Zapalac, has been filed with the clerk of the court.”  The record before us contains no proof that at any time Kriegel either requested citation issue or undertook steps to make certain its proper service.  His failure to do so came to the attention of the trial court prompting a warning of impending dismissal unless “a written request for continuance showing good cause was made on or before June 19, 2007, at 9:30 a.m.”  The court found Kriegel failed to comply with this requirement and dismissed his case.  The record does not reveal whether Kriegel filed a request for continuance that the court found inadequate or filed nothing.  In either instance, we presume the 
evidence of Kriegel’s action or inaction supports the court’s finding that Kriegel “made no showing of good cause for continuance.”  
See Simon v. York Crane & Rigging Co., 
739 S.W.2d 793, 795 (Tex. 1987) (in the absence of a record showing the trial court abused its discretion, the appellate court presumes the evidence before the trial court supports the judgment); 
Bard v. Frank B. Hall & Co., 
767 S.W.2d 839, 845 (Tex.App.–San Antonio 1989, writ denied) (when nothing in the record contradicts a judgment’s recitals, they are taken as true). 

The record before us reflects that Kriegel 
did nothing to obtain proper service of Zapalac and then did not follow an order of the court specifying the means for avoiding dismissal.  On such a record, we cannot say the trial court abused its discretion by dismissing Kriegel’s case for want of prosecution.  Accordingly, we overrule Kriegel’s sole issue, and affirm the trial court’s order of dismissal.

James T. Campbell

Justice

FOOTNOTES
3: