NO. 07-07-0342-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 28, 2007
_____

LAURANCE KRIEGEL, APPELLANT

V.

WILLIAM C. ZAPALAC, APPELLEE
_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9486; HONORABLE GORDON H. GREEN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Laurance Kriegel, appearing *pro se*, appeals the trial court's dismissal of his suit for want of prosecution. Finding the trial court did not abuse its discretion, we affirm.

## Background

Also appearing *pro se* in the trial court, Kriegel filed suit on January 3, 2007.[1] Kriegel contended appellee William Zapalac, counsel to the Clerk's Office for the United States Court of Appeals for the Fifth Circuit,[2] and unnamed other members of the office of that court's clerk, failed to docket a matter brought before the Fifth Circuit by Kriegel. In particular, Kriegel asserted Zapalac owed him a fiduciary duty which was breached when Kriegel's matter was not docketed or calendared with the Fifth Circuit. Kriegel asked the state trial court to: (1) order the clerk's office of the Fifth Circuit to calendar and docket his matter; and (2) consider removing employees of the Fifth Circuit who violate their "fiduciary duty" to Kriegel.

The record reveals that on July 25, 2007, the trial court dismissed Kriegel's suit, without prejudice, for want of prosecution. In its order of dismissal, the court found that no proper citation with proof of service on Zapalac appeared of record. The court further found that on May 29, 2007, it notified Kriegel of its intent to dismiss for lack of service of citation on Zapalac and granted Kriegel until June 19, 2007, to request a continuance. The court found Kriegel made no showing of good cause for a continuance. Accordingly, it dismissed Kriegel's suit.

---

[1] Because the original clerk's record filed with this court did not contain a copy of Kriegel's petition, and to understand the substance of his complaint, we obtained a copy of his live petition in a supplemental clerk's record. *See* Tex. R. App. P. 34.5 (c)(1).

[2] Hereinafter the United States Court of Appeals for the Fifth Circuit is identified as the "Fifth Circuit."

Kriegel filed a notice of appeal on August 1, 2007. With no record from the trial court, he nevertheless filed a document bearing the primary heading "Brief" with this court on August 13, 2007. On September 24, 2007, the clerk's record was filed, consisting of the order of dismissal, Kriegel's notice of appeal, and the court's docket sheet.

Because it appeared Kriegel's complaint was the trial court improperly dismissed his suit for failure to serve Zapalac, and as the clerk's record did not contain citation with return, we notified Kriegel of the contents of the record by letter of September 28, 2007. We granted Kriegel until October 15, 2007, to file a supplemental clerk's record containing additional documents he believed material to his appeal. Kriegel made no response to the letter and no supplemental clerk's record was received by October 15, 2007.

Issue

Kriegel's brief fails to comply with the requirements of Tex. R. App. P. 38.1 in several respects and for the essential requirements of an appellant's brief we refer Kriegel to the text of Rule 38.1. However, in a single issue Kriegel argues:

"Appellant presented information to the Court showing service was lawfully presented on Appellee."[3]

---

[3] In support of his issue, Kriegel asks us to consider an assortment of documents attached to his brief. The documents Kriegel references are not part of the clerk's record and we may not give them consideration. *See Goode v. Shoukfeh,* 915 S.W.2d 666, 671 n.6 (Tex.App.–Amarillo 1996), *aff'd,* 943 S.W.2d 441 (Tex. 1997).

Discussion

We review an order of dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 90 L. Ed. 2d 721, 106 S. Ct. 2279 (1986). A trial court's authority to dismiss a case for want of prosecution proceeds from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the common law, which vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630-31 (Tex. 1999). The record here provides no indication that the trial court acted under Rule 165a so we interpret the basis of its dismissal authority to be its inherent power.

Merely filing suit did not bring Zapalac within the jurisdiction of the trial court. *See, e.g., Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (defendant's actual knowledge of suit not sufficient to invoke court's jurisdiction to render default judgment; jurisdiction dependent on citation issued and served in manner provided by law). It was for Kriegel to request process and ensure its proper service on Zapalac. "Upon the filing of the petition, the clerk, *when requested*, shall forthwith issue a citation and deliver the citation *as directed* by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." Tex. R. Civ. P. 99(a) (emphasis supplied). Kriegel's failure to properly bring Zapalac before the court meant his suit lay

4

dormant on the trial court's docket. Moreover, it was Kriegel's failure to properly obtain service and file the return that prompted the trial court's warning of impending dismissal.

Despite Kriegel's claim in this court that he provided proof of service for the trial court before June 19, 2007, the record, which is the sole object of our review, speaks otherwise. The court's order of dismissal states the court's finding "that no citation, or process under Rules 108 or 108a, TRCP, with proper proof of service on William C. Zapalac, has been filed with the clerk of the court." The record before us contains no proof that at any time Kriegel either requested citation issue or undertook steps to make certain its proper service. His failure to do so came to the attention of the trial court prompting a warning of impending dismissal unless "a written request for continuance showing good cause was made on or before June 19, 2007, at 9:30 a.m." The court found Kriegel failed to comply with this requirement and dismissed his case. The record does not reveal whether Kriegel filed a request for continuance that the court found inadequate or filed nothing. In either instance, we presume the evidence of Kriegel's action or inaction supports the court's finding that Kriegel "made no showing of good cause for continuance." *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex. 1987) (in the absence of a record showing the trial court abused its discretion, the appellate court presumes the evidence before the trial court supports the judgment); *Bard v. Frank B. Hall & Co.,* 767 S.W.2d 839, 845 (Tex.App.–San Antonio 1989, writ denied) (when nothing in the record contradicts a judgment's recitals, they are taken as true).

The record before us reflects that Kriegel did nothing to obtain proper service of Zapalac and then did not follow an order of the court specifying the means for avoiding

5

dismissal.  On such a record, we cannot say the trial court abused its discretion by dismissing Kriegel's case for want of prosecution.  Accordingly, we overrule Kriegel's sole issue, and affirm the trial court's order of dismissal.


James T. Campbell
Justice