NO. 07-07-0342-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 28, 2007
                                       ______________________________

LAURANCE KRIEGEL, APPELLANT

V.

WILLIAM C. ZAPALAC, APPELLEE
_________________________________

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9486; HONORABLE GORDON H. GREEN, JUDGE
_______________________________

 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
            Appellant Laurance Kriegel, appearing pro se, appeals the trial court’s dismissal of
his suit for want of prosecution. Finding the trial court did not abuse its discretion, we
affirm.
 
 
Background
          Also appearing pro se in the trial court, Kriegel filed suit on January 3, 2007.


 
Kriegel contended appellee William Zapalac, counsel to the Clerk’s Office for the United
States Court of Appeals for the Fifth Circuit,


 and unnamed other members of the office of
that court’s clerk, failed to docket a matter brought before the Fifth Circuit by Kriegel. In
particular, Kriegel asserted Zapalac owed him a fiduciary duty which was breached when
Kriegel’s matter was not docketed or calendared with the Fifth Circuit. Kriegel asked the
state trial court to: (1) order the clerk’s office of the Fifth Circuit to calendar and docket his
matter; and (2) consider removing employees of the Fifth Circuit who violate their “fiduciary
duty” to Kriegel. 
          The record reveals that on July 25, 2007, the trial court dismissed Kriegel’s suit,
without prejudice, for want of prosecution. In its order of dismissal, the court found that no
proper citation with proof of service on Zapalac appeared of record. The court further
found that on May 29, 2007, it notified Kriegel of its intent to dismiss for lack of service of
citation on Zapalac and granted Kriegel until June 19, 2007, to request a continuance. The
court found Kriegel made no showing of good cause for a continuance. Accordingly, it
dismissed Kriegel’s suit.
          Kriegel filed a notice of appeal on August 1, 2007. With no record from the trial
court, he nevertheless filed a document bearing the primary heading “Brief” with this court
on August 13, 2007. On September 24, 2007, the clerk’s record was filed, consisting of
the order of dismissal, Kriegel’s notice of appeal, and the court’s docket sheet. 
          Because it appeared Kriegel’s complaint was the trial court improperly dismissed
his suit for failure to serve Zapalac, and as the clerk’s record did not contain citation with
return, we notified Kriegel of the contents of the record by letter of September 28, 2007. 
We granted Kriegel until October 15, 2007, to file a supplemental clerk’s record containing
additional documents he believed material to his appeal. Kriegel made no response to the
letter and no supplemental clerk’s record was received by October 15, 2007.
Issue
          Kriegel’s brief fails to comply with the requirements of Tex. R. App. P. 38.1 in
several respects and for the essential requirements of an appellant’s brief we refer Kriegel
to the text of Rule 38.1. However, in a single issue Kriegel argues: 
“Appellant presented information to the Court showing service was lawfully
presented on Appellee.”



 
 
Discussion
          We review an order of dismissal for want of prosecution under a clear abuse of
discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). A trial court
abuses its discretion when it acts without reference to guiding rules and principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476
U.S. 1159, 90 L. Ed. 2d 721, 106 S. Ct. 2279 (1986). A trial court's authority to dismiss a
case for want of prosecution proceeds from two sources: (1) Rule 165a of the Texas Rules
of Civil Procedure; and (2) the common law, which vests the trial court with the inherent
power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute
his or her case with due diligence. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630-31 (Tex. 1999). The record here provides no indication that the trial court acted
under Rule 165a so we interpret the basis of its dismissal authority to be its inherent power.
          Merely filing suit did not bring Zapalac within the jurisdiction of the trial court. See,
e.g., Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990) (defendant’s actual knowledge of
suit not sufficient to invoke court’s jurisdiction to render default judgment; jurisdiction
dependent on citation issued and served in manner provided by law). It was for Kriegel to
request process and ensure its proper service on Zapalac. "Upon the filing of the petition,
the clerk, when requested, shall forthwith issue a citation and deliver the citation as
directed by the requesting party. The party requesting citation shall be responsible for
obtaining service of the citation and a copy of the petition." Tex. R. Civ. P. 99(a) (emphasis
supplied). Kriegel’s failure to properly bring Zapalac before the court meant his suit lay
dormant on the trial court’s docket. Moreover, it was Kriegel’s failure to properly obtain
service and file the return that prompted the trial court’s warning of impending dismissal. 
          Despite Kriegel’s claim in this court that he provided proof of service for the trial
court before June 19, 2007, the record, which is the sole object of our review, speaks
otherwise. The court’s order of dismissal states the court’s finding “that no citation, or
process under Rules 108 or 108a, TRCP, with proper proof of service on William C.
Zapalac, has been filed with the clerk of the court.” The record before us contains no proof
that at any time Kriegel either requested citation issue or undertook steps to make certain
its proper service. His failure to do so came to the attention of the trial court prompting a
warning of impending dismissal unless “a written request for continuance showing good
cause was made on or before June 19, 2007, at 9:30 a.m.” The court found Kriegel failed
to comply with this requirement and dismissed his case. The record does not reveal
whether Kriegel filed a request for continuance that the court found inadequate or filed
nothing. In either instance, we presume the evidence of Kriegel’s action or inaction
supports the court’s finding that Kriegel “made no showing of good cause for continuance.” 
See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987) (in the absence
of a record showing the trial court abused its discretion, the appellate court presumes the
evidence before the trial court supports the judgment); Bard v. Frank B. Hall & Co., 767
S.W.2d 839, 845 (Tex.App.–San Antonio 1989, writ denied) (when nothing in the record
contradicts a judgment’s recitals, they are taken as true). 
          The record before us reflects that Kriegel did nothing to obtain proper service of
Zapalac and then did not follow an order of the court specifying the means for avoiding
dismissal. On such a record, we cannot say the trial court abused its discretion by
dismissing Kriegel’s case for want of prosecution. Accordingly, we overrule Kriegel’s sole
issue, and affirm the trial court’s order of dismissal.
 
                                                                           James T. Campbell

                                                                                      Justice