**AFFIRMED; Opinion Filed June 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00408-CV

### RICKEY A. LYONS, Appellant
### V.
### POLYMATHIC PROPERTIES, INC., Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-00016-B**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Myers

Appellant Rickey Lyons and/or all occupants of 610 Truman Court, Duncanville, Texas,

75137 appeal the trial court's judgment awarding possession of the property to appellee

Polymathic Properties. Lyons brings two issues on appeal contending (1) Polymathic failed to

show it has standing to bring the forcible detainer action; and (2) Polymathic failed to

demonstrate a superior right to immediate possession of the property. We affirm the trial court's

judgment.

### BACKGROUND

Lyons owned the property located at 610 Truman Court, Duncanville, Texas 75137. On

August 7, 2012, the Bank of New York Mellon ("BONY") acquired the property at a foreclosure

sale. Polymathic acquired the property from BONY on December 14, 2012.

Lyons filed suit in federal court against BONY, Polymathic and others alleging (1) that

BONY wrongfully foreclosed on the property and (2) Polymathic's purchase of the property at the foreclosure sale should be declared invalid. Polymathic moved for summary judgment. On October 28, 2014, the federal court partially granted summary judgment in favor of Polymathic, dismissing with prejudice Lyons's claim requesting a declaration that Polymathic is not the owner of the property but denying the motion as to Lyons's claims for violation of the Texas Property Code and breach of contract.

On November 4, 2014, Polymathic sent to Lyons a notice to vacate and demand for possession of the property by certified mail, return receipt requested. The notice informed Lyons that if the property was not vacated within three days from the date of the notice, Polymathic would file suit to enforce its rights. When Lyons failed to vacate the property within the allotted time, Polymathic filed a forcible detainer suit against Lyons. Polymathic alleged in its verified petition that it is the owner of the property by virtue of the deed establishing its ownership. Lyons failed to file a written answer in the justice court case, and on December 15, 2014, the justice court entered a judgment for possession in favor of Polymathic. Lyons appealed to the county court at law, where he filed an answer and plea to the jurisdiction in which he argued that Polymathic had not acquired title to the property because of a defect in the foreclosure process (failing to send notice of default) and that the court was deprived of jurisdiction. Following a hearing held on February 5, 2015, the court signed a judgment for possession in favor of Polymathic on February 10, 2015. Lyons appealed the judgment to this Court.

DISCUSSION

*The Record on Appeal*

As a preliminary matter, we note that although an appellate record generally consists of both the clerk's and reporter's record, *see* TEX. R. APP. P. 34.1 (stating that the appellate record consists of the clerk's record and the reporter's record if the latter is necessary to the appeal),

–2–

only the former was filed here. Our record shows that on April 28, 2015, we received notice from the court reporter—sent in response to an email from our clerk's office—that the reporter's record "has never been requested, nor have sufficient payment arrangements been made." The following day, April 29, 2015, we sent a letter to appellant's counsel advising her the reporter's record had not been filed and giving her ten days to provide notice that appellant has requested preparation of the reporter's record and written verification that appellant has paid or made arrangements to pay the reporter's fee; or written documentation that appellant had been found to be entitled to proceed without payment of costs. We specifically cautioned appellant's counsel that if we did not receive the requested documentation within the time specified, we "may order the appeal submitted without the reporter's record." *See* TEX. R. APP. P. 37.3(c). On July 29, 2015, we entered an order stating, among other things, that we had received written verification from the court reporter that appellant had not requested or paid for the reporter's record, and that appellant's docketing statement indicated that the record was not requested and no payment or arrangements for payment had been made. We accordingly ordered the appeal to be submitted without a reporter's record. *See id*.

When, as in this case, there is no reporter's record and findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *Sharp v. Woodridge Props. Co.*, No. 05–13–00869–CV, 2015 WL 370026, at *2 (Tex. App.—Dallas Jan. 29, 2015, no pet.) (mem. op.); *Reese v. Bank of America*, No. 05–13–00560–CV, 2014 WL 4057435, at *1 (Tex. App.—Dallas Aug. 15, 2014, no pet.) (mem. op.). In other words, we must presume the missing reporter's record supports the decisions of the trial court. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (stating

that the "court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment."). Furthermore, the copy of what appears to be a reporter's record of a February 5, 2015 "trial on the merits and plea to jurisdiction" that is appended to appellee's brief does not change this fact; we cannot consider attachments to briefs that are not part of the appellate record. *Wilhoite v. Sims*, 401 S.W.3d 752, 762 (Tex. App.—Dallas 2013, no pet.). Similarly, statements in a brief that are unsupported by the record cannot be accepted as facts by an appellate court. *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied). With that said, we turn to the issues at hand.

### *Standing*

In his first issue, Lyons contends Polymathic failed to show it has standing to bring this forcible detainer action. Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *In re I.I.G.T.*, 412 S.W.3d 803, 805 (Tex. App.—Dallas 2013, no pet.). The plaintiff has the burden of alleging facts that, if taken as true, affirmatively demonstrate a court's jurisdiction to hear a case. *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 471 (Tex. App.—Dallas 2008, pet. denied); *Nausler v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App.—Dallas 2005, no pet.).

The absence of a reporter's record obligates us to presume the evidence presented supports the judgment. *See Bennett*, 96 S.W.3d at 230; *Waltenburg*, 270 S.W.3d at 312. This presumption applies even to matters of standing. *See Reese*, 2014 WL 4057435, at *1 (because no reporter's record or findings of fact and conclusions of law were properly requested or filed, court presumed sufficient facts supported the judgment and that there was standing to prosecute claim); *see also Weigand v. Kinnard*, No. 07–15–00406–CV, 2016 WL 1238183, at *2 (Tex. App.—Amarillo Mar. 29, 2016, no pet.) (mem. op.) (given pro se defendant's refusal to secure

reporter's record and absence of pertinent findings, court presumed there was sufficient evidence to support implicit finding plaintiff had standing and was otherwise competent to prosecute claims). Given Lyons's failure to file the reporter's record and the absence of pertinent findings, we must presume the evidence presented supports the trial court's implicit finding that Polymathic had standing to bring this forcible detainer action. We overrule appellant's first issue.

### Tenancy at Sufferance and Notice of Default

In his second issue, Lyons argues Polymathic failed to demonstrate a superior right to immediate possession of the property because it failed to present evidence of a tenancy at sufferance and there is no evidence a notice of default was sent prior to the foreclosure sale. Because there is no reporter's record, we must presume the missing record supports the trial court's decision. *See Bennett*, 96 S.W.3d at 230; *Waltenburg*, 270 S.W.3d at 312.[1] Accordingly, we overrule appellant's second issue.

/Lana Myers/
LANA MYERS
JUSTICE

150408F.P05

---

[1] Regarding alleged defects in the foreclosure sale, we note that any defects in the foreclosure process or with Polymathic's title to the property may not be considered in a forcible detainer action. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RICKEY A. LYONS, Appellant

No. 05-15-00408-CV        V.

POLYMATHIC PROPERTIES, INC.,
Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-15-00016-B.
Opinion delivered by Justice Myers. Justices
Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.  It is **ORDERED** that appellee POLYMATHIC PROPERTIES, INC. recover its

costs of this appeal from appellant RICKEY A. LYONS.

Judgment entered this 29th day of June, 2016.