**Affirmed and Opinion Filed July 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01123-CV

## IN THE INTEREST OF A.F.S., A.F.S., AND A.F.S., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-15-22319**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

Muhammad Fiyaz Sabir appeals from the trial court's final decree of divorce. In two issues, Sabir argues the trial court erred in limiting his conservatorship, visitation, and custody and denying his motion for a continuance before the trial setting. We affirm the trial court's judgment.

In December 2015, Sabir filed an original petition for divorce from his wife, Riffat Razaq Raja, seeking, among other things, that he and Raja be appointed joint managing conservators of the children. In January 2016, Raja filed a counterpetition for divorce seeking to have herself appointed sole managing conservator of the children. On June 24, 2016, the trial court entered a final decree of divorce appointing Raja sole managing conservator of the couple's three children and appointing Sabir possessory conservator. On September 19, 2016, Sabir filed his notice of appeal.

On October 25, 2016, the Clerk of this Court notified the parties that the reporter's record was overdue and directed the court reporter to file the record within thirty days. On October 26,

2016, the court reporter notified the Clerk of this Court that counsel for Sabir had not contacted her to request a reporter's record, and no payment arrangements had been made. That same day, the Clerk of this Court notified Sabir of the court reporter's correspondence and directed Sabir to provide within ten days (1) notice that he had requested preparation of the reporter's record and (2) written verification that he had paid or made arrangements to pay the reporter's fee or written documentation that he had been found to be entitled to proceed without payment of costs. The notice warned Sabir that, if the Court did not receive the required documentation within the time specified, the case could be submitted without the reporter's record.

By order dated December 16, 2016, this Court notified Sabir that this case would be submitted without the reporter's record because Sabir failed to comply with the Court's October 26, 2016 directive to file written verification he had requested the reporter's record and either made arrangements to pay the reporter's fee or had been found entitled to proceed without payment of costs. Because the clerk's record had been filed, Sabir was further ordered to file his brief on the merits no later than January 16, 2017.

On February 23, 2017, a memorandum opinion issued dismissing Sabir's appeal. The opinion noted that Sabir failed to file a brief by January 16, 2017, and Sabir was notified by postcard dated January 18, 2017, that failure to file his brief within ten days would result in the dismissal of his appeal. The opinion stated that, as of the date of the opinion, Sabir had not filed his brief or otherwise corresponded with this Court regarding the status of his appeal.

On March 2, 2017, Sabir filed a motion to reinstate his appeal and a motion to extend the time for filing a brief. By order dated March 16, 2017, this Court reinstated Sabir's appeal and ordered Sabir to file a brief by April 13, 2017. On April 13, 2017, Sabir filed his brief. By correspondence dated April 24, 2017, the Clerk of this Court notified Sabir that his brief did not satisfy the requirements of rule 38 of the rules of appellate procedure in that it (1) did not contain

a concise statement of the facts supported by record references, (2) presented argument that did not contain appropriate citation to authorities or the record, and (3) did not contain a proper certificate of compliance. The notice advised appellant that failure to file an amended brief within ten days could result in the dismissal of his appeal.

Appellant's brief raises two issues: whether the trial court erred in limiting his conservatorship, visitation, and custody and denying his motion for a continuance before the trial setting. When, as in this case, there is no reporter's record and findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). In other words, we must presume the missing reporter's record supports the decisions of the trial court. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex.2002) (stating that the "court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment."). Similarly, statements in a brief that are unsupported by the record cannot be accepted as facts by an appellate court. *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied).

Because there is no reporter's record, we must presume the missing record supports the trial court's decisions regarding conservatorship, visitation, and custody. *See Bennett*, 96 S.W.3d at 230; *Waltenburg*, 270 S.W.3d at 312. Moreover, in the absence of a reporter's record, we cannot review any evidence that might have been presented at a hearing related to Sabir's continuance motion. We must presume that the evidence supported the trial judge's denial of Sabir's motion for continuance. *See Green v. Kaposta*, 152 S.W.3d 839, 842 (Tex. App. —Dallas 2005, no pet.). We overrule Sabir's first and second issues.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

161123F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.F.S., A.F.S., AND A.F.S., CHILDREN

No. 05-16-01123-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-15-22319.
Opinion delivered by Justice Bridges.
Justices Myers and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Riffat Razaq Raja recover her costs of this appeal from appellant Muhammad Fiyaz Sabir.

Judgment entered July 17, 2018.