**AFFIRMED and Opinion Filed October 31, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01463-CV

**LAUREN FREDRICK, Appellant**
**V.**
**JAMES ROBERT LAYTON, AS REPRESENTATIVE**
**OF THE ESTATE OF PATRICIA BELL, Appellee**

On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-18-00069-A

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Reichek

Lauren Fredrick appeals the trial court's dismissal of her case for want of prosecution. Bringing three issues, Fredrick contends the trial court erred in (1) failing to issue a writ of scire facias, (2) dismissing the case, and (3) failing to reinstate the case. We affirm the trial court's order.

### Background Facts

Fredrick filed this personal injury suit against Patricia Bell on January 4, 2018. Fredrick alleged that Bell negligently caused a motor vehicle accident on January 7, 2016, which resulted in Fredrick suffering serious injuries. Citation for Bell was issued the day after suit was filed and mailed to Fredrick's attorney eleven days later when it had not been picked up.

Two months later, when there was no return of service on Bell, the trial court set the case for a dismissal hearing on May 4. On the day of the hearing, Fredrick filed a motion to retain the case arguing she had made diligent attempts to serve Bell and recently discovered Bell died approximately eight months after the accident. Fredrick stated her process server was now attempting to locate Bell's son, James Layton,[1] and she requested a ninety-day extension to "obtain the information on the proper party, to have a writ of scire facias issued and served on Defendant's heir(s), and amend her petition to add the proper party(ies) in this matter." The motion was verified and attached an affidavit signed by Ruben Garza, a process server, who stated he attempted to serve Bell with process on three different occasions, but was unable to locate her.

A second dismissal hearing was scheduled for June 15. On that day, Fredrick filed another motion to retain the suit setting forth the identical facts and arguments as the motion filed on May 4, but without attaching Garza's affidavit. The trial court's docket sheet indicates a hearing was conducted on the motion on July 20. The case was then reset for a dismissal hearing on September 28.

Three days before the September 28 dismissal hearing, Fredrick filed an application for writ of scire facias asking that Layton be required to appear and defend the suit. Fredrick also filed an amended petition naming Layton as defendant in his capacity as representative of Bell's estate. No motion to retain the suit was filed.

On October 11, the trial court dismissed the case for want of prosecution. Fredrick filed a motion to reinstate and for new trial on October 24. The motion to reinstate was not verified, but evidence was attached to the motion including (1) Fredrick's earlier verified motion to retain, (2) Garza's affidavit, (3) an affidavit by a second process server who testified she discovered on April 27, 2018 that Bell had died and her estate was being handled by Layton, (4) an email to Fredrick's

---

[1] The motion incorrectly states Layton's name as "James Blanton."

counsel dated August 4 attaching two potential addresses for Layton, and (5) the application for writ of scire facias filed September 25. A hearing was conducted on the motion to reinstate on November 5, 2018. Although no reporter's record was created, Fredrick stated in her notice of appeal that the trial court orally denied her motion.

## Analysis

In three issues, argued together, Fredrick contends the trial court erred in not issuing the writ of scire facias, dismissing the case for want of prosecution, and failing to reinstate the case. A trial court has broad discretion in dismissing a suit for want of prosecution. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Clark v. Turner*, 505 S.W.2d 941, 946 (Tex. App.—Amarillo 1974, no writ). We will not reverse the trial court's ruling unless it was arbitrary or unreasonable. *Stone v. Cunningham*, No. 05-06-01151-CV, 2007 WL 1206677, at *1 (Tex. App.—Dallas April 25, 2007, pet. denied). The test is not whether, in our opinion, the record presents an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Id*. The central issue is whether the plaintiff exercised reasonable diligence. *MacGregor*, 941 S.W.2d at 75. Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of suit, issuance of the citation, and service of process. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied).

Fredrick argues the trial court erred in failing to issue the writ of scire facias because it had a mandatory duty to do so once she requested it. Fredrick does not explain, however, how the trial court's failure to issue the writ, which she requested only three days before the dismissal hearing, requires reversal of the court's decision to dismiss the case for want of prosecution. A plaintiff's request that the trial court take some action immediately prior to the dismissal hearing does not preclude the court from dismissing the action for want of prosecution. *See Bard v. Frank B. Hall*

*& Co.*, 767 S.W.2d 839, 843 (Tex. App.—San Antonio 1989, writ denied) (request at dismissal docket call that case be set for trial does not, by itself, preclude dismissal of action). An unexplained delay in requesting a substitution of parties following the death of the defendant may result in a finding of lack of diligence and dismissal of the action. *See Clark*, 505 S.W.2d at 946.

Fredrick argues that her motion to retain and the request for writ of scire facias show her diligence in this case. Fredrick filed two motions to retain; one on May 4, 2018, and an identical one on June 15. These motions show Fredrick knew prior to filing the first motion that Bell had died and her son represented her estate. There is no evidence in either motion of any action taken in the case by Fredrick or her counsel between May 4 and September 25 and no explanation for the nearly five-month delay before Fredrick requested service on Layton. An unexplained delay of five months in seeking service on a defendant may constitute a lack of diligence as a matter of law. *See Boyattia*, 18 S.W.3d at 734 (unexplained three-month delay).

In arguing that the trial court erred in failing to reinstate the case after it was dismissed, Fredrick asserts only that the court did not conduct a hearing on her motion to reinstate. The record does not support this assertion. The trial court's docket sheet shows a hearing on the motion was conducted on November 5, 2018. In addition, this Court received a letter from the trial court's official court reporter stating that a hearing on the motion to reinstate was conducted on November 5, but no reporter's record was created. Finally, Fredrick's notice of appeal in this case states the trial court orally denied the motion to reinstate. Allegations in a brief unsupported by the record will not be accepted as facts on appeal. *Bard*, 767 S.W.2d at 845. Here, Fredrick's assertion that no hearing was conducted is specifically contradicted by the record.

Without a reporter's record from the hearing, we presume the trial judge had before her, and passed on, all facts necessary to support the dismissal order. *Id.* The only information Fredrick provided in the motion to reinstate regarding actions taken after the first dismissal hearing was an

–4–

unauthenticated email her counsel purportedly received on August 4 containing two potential addresses for Layton. Even accepting this email as evidence, it fails to demonstrate any actions taken between April 27, when Fredrick was made aware of the need to substitute Layton for Bell, and August 4, when Layton's potential addresses were conveyed to Fredrick's counsel. Nor does it explain the subsequent seven-week delay between counsel obtaining the addresses and Fredrick's request that a writ of scire facias be issued and served on Layton at one of the two addresses identified in the email. These unexplained lapses of time support a finding of lack of diligence. *Boyattia*, 18 S.W.3d at 733. We conclude the trial court did not abuse its discretion in dismissing Fredrick's case for want of prosecution or in refusing to reinstate it.

We resolve Fredrick's three issue against her. We affirm the trial court's order of dismissal.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


181463F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAUREN FREDRICK, Appellant

No. 05-18-01463-CV     V.

JAMES ROBERT LAYTON, AS
REPRESENTATIVE OF THE ESTATE
OF PATRICIA BELL, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-18-00069-A.
Opinion delivered by Justice Reichek.
Justices Pedersen, III and Carlyle
participating.

In accordance with this Court's opinion of this date, the order of the trial court dismissing this cause is **AFFIRMED**.

Judgment entered October 31, 2019