**W. H. DRAWE, Independent Executor of the Estate of H. C. Drawe, Deceased, Appellant,**

v.

**W. H. McGUFFIN, Appellee.**

No. 13881.

Court of Civil Appeals of Texas.

San Antonio.

March 21, 1961.

Lon D. Herbert, Alice, for appellant.

Lloyd, Lloyd & Dean, Alice, for appellee.

POPE, Justice.

Plaintiff filed suit upon a promissory note, and on April 11, 1960, it was dismissed for non-prosecution. On April 28, seventeen days later, plaintiff filed a motion to reinstate. On May 13, thirty-two days later, the court granted the motion. On October 14, after a trial on the merits, the court rendered a "take nothing" judgment, and plaintiff appealed.

A motion to reinstate is in the nature of a motion for new trial. Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819. When one files a motion for new trial after ten days have expired, it does not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment. Rule 329b, § 5, Texas Rules of Civil Procedure; Cathcart v. Childers, Tex.Civ.App., 296 S.W.2d 340. Hence, the order of reinstatement on May 13 was made after the court had lost jurisdiction. It had no power to render a "take nothing" judgment. Since there was no timely appeal from the final order of dismissal on April 11, 1960, this Court has no jurisdiction.

The appeal is dismissed.