Edd KENLEY, Individually and as Trustee for Clay Kenley, Marie Kenley Shirey, and Kenley & Shirey, A Texas General Partnership, Appellants,

v.

QUINTANA PETROLEUM CORPORA- TION, Bass Enterprises Production Co., TNT Petroleum Company, Inc., Sage Energy Company, and Dawson Geophysical Company, Appellees.

No. 04–95–00052–CV.

Court of Appeals of Texas, San Antonio.

Feb. 21, 1996.

Rehearing Overruled July 1, 1996.

F. Franklin Honea, Michael B. Johnson, Payne & Vendig, P.C., Richard M. Kirwan, Dallas, for Appellant.

Marshall M. Searcy, Jr., Kelly, Hart & Hallman, P.C., Fort Worth, D. Gibson Walton, Vinson & Elkins, L.L.P., Houston, John E. Westcott, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, Jay R. Sorrell, Pearsall, Paul I. Aronowitz, Vinson & Elkins, L.L.P., William R. Thompson, II, Vinson & Elkins, Houston, Paul Barker, San Antonio, J.E. Rehler, Feferman & Rehler, L.L.P., Corpus Christi, for Appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

Edd Kenley, Clay Kenley, Marie Kenley Shirey, and the Kenley & Shirey partnership (Kenleys), appellants, challenge the trial court's actions in dismissing and failing to reinstate their surface damage suit against appellees Quintana Petroleum Corporation, Bass Enterprises Production Company, TNT Petroleum Company, Inc., Sage Energy Company, and Dawson Geophysical Company.

The suit was filed by the Kenleys in the 81st District Court of LaSalle County on August 19, 1993 against the five named appellees, alleging surface damage in violation of a mineral lease provision under which appellees were lessees. Answers were filed in September and October of 1993 and requests for production and answers by all parties were filed between November of 1993 and July of 1994. Three of the five appellees filed counter-claims and in March of 1994 a motion was made by appellees for a partial summary judgment. A summary judgment hearing was held on May 17, 1994, in which the trial judge suggested that the parties agree on an order of severance. It is disputed whether any action took place after the last filing of responses to a production request on July 18, 1994. The trial court dismissed the case for want of prosecution on November 23, 1994.

The Kenleys timely filed a motion to reinstate on December 7, 1994. The motion alleged that the attorney for the Kenleys received no notice of the dismissal hearing and failure to attend was due to accident or mistake. At the reinstatement hearing on December 19, 1994, the trial court did not rule, but requested letter briefs. Both parties filed letter briefs but no further action was taken by the court, and the motion for reinstatement was overruled by operation of law.

The Kenleys contend, in points of error one, two, and three, that the trial court abused its discretion in dismissing the case for want of prosecution because 1) the Kenley's lead counsel did not receive notice; 2) LaSalle County local Rule 13 contradicts both Rule 8 and Rule 165a of the Texas Rules of Civil Procedure; and 3) the court did not consider accepted factors in determining whether the case should be dismissed.

Rule 165a requires that when a case is considered for dismissal based on want of prosecution, "[n]otice of the court's intention to dismiss and the date and place of the dismissal hearing *shall* be sent by the clerk to *each* attorney of record...." Tex. R.Civ.P. 165a (emphasis added). However, Rule 165a also allows dismissal "for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing of which the party had notice." *Id.; see also Balla v. Northeast Lincoln Mercury,* 717 S.W.2d 183, 184 (Tex.App.—Fort Worth 1986, no writ). We will uphold the trial court's action absent a showing that the court abused its discretion and did not act in accordance with any guiding principles or law. *Bevil v. Johnson,* 307 S.W.2d 85, 87 (Tex. 1957); *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984).

It is clear from the record that local co-counsel of record for the Kenleys, Leslie Kinsel, received notice of the hearing on dismissal. Ms. Kinsel was present at the hearing because she had other cases set for dismissal. However, she did not announce when the Kenleys' case was called as she was unaware of the status of the case, having been involved only on a very limited basis. The documents in the record indicate that F. Franklin Honea of Payne & Vendig in Dallas is the attorney in charge for the Kenleys. Leslie Kinsel of Cotulla is named as co-counsel on only a few documents out of the 600 page transcript.

Because the district court received no response when it called the case on the dismissal docket, it correctly exercised its power under Rule 165a to dismiss the case for want of prosecution. Although local Rule 13 purports to impute knowledge of notice on the attorneys, it also includes a provision that the attorney of record in each case will receive notice of a dismissal hearing. We cannot say that a trial court abuses its discretion in following a local rule that has not been

previously challenged or found to contradict the Rules of Civil Procedure. Furthermore, the trial court cannot be expected to investigate whether proper notice was sent to each attorney of record on every case set for dismissal. We find that because the trial court was not aware of any deficiencies at the dismissal hearing, it was not an abuse of discretion to dismiss the case and points of error one, two, and three are overruled. The error in this case, however, lies in the district court's actions after being advised as to the surrounding circumstances of the dismissal. In their last point of error, the Kenleys contend that the district court erred in failing to grant their motion to reinstate. We agree.

■ In determining if the court erred, we will uphold the ruling on a motion to reinstate absent a showing that the court abused its discretion. *Goff v. Branch*, 821 S.W.2d 732, 733 (Tex.App.—San Antonio 1991, writ denied); *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843 (Tex.App.—San Antonio 1989, writ denied). The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required. *Bard*, 767 S.W.2d at 845. An affidavit or other competent evidence is required to affirmatively show that no notice was received. *Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex.App.—Corpus Christi 1994, no writ); *Welborn–Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex.App.—Houston [14th Dist.] 1994, no writ).

■ Rule 165a provides that "the court *shall* reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has otherwise been reasonably explained." TEX. R.CIV.P. 165a (emphasis added); *Smith et al. v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 467–68 (1995). The trial court abuses its discretion in denying reinstatement when the attorney's explanation for failure to appear is reasonable. *Smith*, 913 S.W.2d at 467–68.

Rule 8 requires that "all communication from the court or other counsel with respect to a suit shall be sent to the attorney in charge." TEX.R.CIV.P. 8. LaSalle County Local Rule 13 provides:

> (1) . . . all unscheduled civil cases of every kind . . . which have been on file for more than six months, shall be automatically set for hearing for all parties to show cause why same should not be dismissed. . . . While counsel and parties MAY BE NOTIFIED . . . this rule shall constitute notice of such hearing, and counsel, and all parties not represented by counsel, shall keep informed as to the length of time their case has been on file. . . .

The Rule also provides that a hearing will be set in April and October of each year and notice of the hearing will be sent to "the attorney of record."

■ The motion to reinstate was timely filed 14 days after the court entered the order of dismissal. In the motion to reinstate, Mr. Honea alleged that the case was ongoing and had not been dormant at any time, and that he had not received notice of the dismissal hearing. The motion included Honea's affidavit verifying that all facts in the motion were true and correct. At the hearing on the motion to reinstate, counsel from Honea's office re-urged the inadequate notice issue, and local counsel described the circumstances of her failure to announce.

We find the above facts constitute a reasonable explanation of the attorneys' failure to appear or announce. The actions were not "intentional" or a result of "conscious indifference." Local Rule 13, as applied to the circumstances of this case, does not comport with the Texas Rules of Civil Procedure. Notice through imputed knowledge of the local rules specifically contradicts Rule 165a. TEX.R.CIV.P. 165a. Furthermore, the notice given in this case, to local counsel who was clearly not the attorney in charge, was inadequate under Rule 8. TEX.R.CIV.P. 8. Thus, the trial court, after being apprised of the inadequate notice, abused its discretion by not granting the motion to reinstate. We sustain the Kenleys' point of error four and reverse and remand the case to be reinstated on the trial docket.

DUNCAN, Justice, concurring.

I agree with the majority's judgment. I disagree, however, the trial court did not abuse its discretion in dismissing this case.

## FACTS

The attorney whose signature first appears on Plaintiffs' Original Petition is F. Franklin Honea of the law firm of Payne & Vendig. The record does not reflect that this designation of the plaintiffs' attorney in charge was ever changed by written notification to the court and opposing counsel. Perhaps pursuant to Local Rule 13, the district clerk did not send Mr. Honea notice that the case was set on the dismissal docket.

## STANDARD OF REVIEW

A ruling dismissing a case for want of prosecution is subject to an abuse of discretion standard on appeal. *E.g., State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In the context of factual matters, the record must establish that the trial court could reasonably have reached only one conclusion, and it reached a contrary conclusion. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). With respect to questions of law, however, the trial court has no discretion. *Id.* at 840. "Thus a clear failure to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.*

## FAILURE TO COMPLY WITH RULES 165A AND 8

Rule 165a(1) provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial *of which the party had notice.*" TEX.R.CIV.P. 165a(1) (emphasis added). Notice is thus a condition precedent to a dismissal for want of prosecution under Rule 165a. Rule 8 provides that "*[a]ll* communications from the court ... with respect to a suit *shall* be sent to the attorney in charge." TEX.R.CIV.P. 8 (empha-

sis added); *see also* TEX.R.CIV.P. 165a(1) (requiring notice to "each" attorney of record). No local rule may vary the mandatory terms of Rules 8 and 165(a) or any other statewide rule of procedure. TEX.R.CIV.P. 3a(1).

In my view, the district court abused its discretion—committed an error of law—in dismissing this case when notice had not been sent to the plaintiffs' attorney in charge pursuant to Rules 8 and 165a. I therefore concur in the majority's judgment but not its reasoning.