In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00144-CV
____________

AARON LUNA, Appellant

V.

UNITED PARCEL SERVICE, INC. and PAT CASSITY, Appellees




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 93124 




O P I N I O N
          Appellant, Aaron Luna, appeals an order dismissing his retaliatory discharge
suit for want of prosecution. We address (1) whether Luna waived his right to
complain that the trial court erred by allegedly failing to send proper notice before
dismissing his suit; (2) whether any error the trial court committed by failing to
clarify, in its notice of dismissal, whether a dismissal hearing would be held, and by
dismissing the suit without first conducting a hearing, was cured when the trial court
held a hearing on Luna’s motion to retain; (3) whether the trial court erred by
dismissing the suit, which Luna had allegedly prosecuted with due diligence; (4)
whether the trial court erred by denying Luna’s motion to retain, which the trial court
effectively treated as a motion to reinstate; and (5) whether the trial court erred by
dismissing the suit with prejudice. We modify the judgment and affirm it as so
modified.
Facts and Procedural History
          Luna filed his suit for retaliatory discharge against appellees, United Parcel
Service, Inc. (UPS) and Pat Cassity, on November 16, 1995, designating Victor
Makris as his attorney. Luna replaced Mr. Makris with Sharon Middleton as his
attorney on April 2, 1997. Thomas Thurlow next appeared as Luna’s attorney on
September 4, 1998. The parties participated in discovery from August 1996 to
October 1998. In September and November 1998, Mr. Thurlow requested that the
case be set for trial. The trial court sent its notice of intent to dismiss on July 1, 2001
and dismissed the case with prejudice on September 5, 2001. Luna filed a motion to
retain, which the trial court and the parties effectively treated as a motion to reinstate. 
The trial court heard Luna’s motion to retain on October 19, 2001 and denied his
request to reinstate the case. 
 
Standard of Review
          A trial court’s ruling on a motion to dismiss and a motion to reinstate are
reviewed under an abuse-of-discretion standard.


 See MacGregor v. Rich, 941
S.W.2d 74, 75 (Tex. 1997); Rainbow Home Health, Inc. v. Schmidt, 76 S.W.3d 53,
55 (Tex. App.—San Antonio 2002, pet. denied). An abuse of discretion with respect
to factual matters occurs if the record establishes that the trial court could reasonably
have reached only one decision, but made a different, erroneous decision. Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992). The question is whether the trial court
acted without reference to any guiding rules and principles or whether the trial court’s
actions were arbitrary or unreasonable. See Macgregor, 941 S.W.2d at 76. The
record is presumed to support the trial court’s ruling if the record is incomplete. See
Bryant v. United Shortline, Inc. Assurance Servs., N.A., 972 S.W.2d 26, 31 (Tex.
1998).Proper Notice under Rule 165a
          In his first point of error, Luna contends that the trial court violated Rule 165a
of the Texas Rules of Civil Procedure and his Fourteenth Amendment due process
rights by allegedly failing to send proper notice of the trial court’s intent to dismiss
his suit. See U.S. Const. amend. XIV; Tex. R. Civ. P. 165a. 
          Luna claims in his brief that his lead counsel, Mr. Thurlow, did not receive the
notice of dismissal because the address on the notice incorrectly contained the
additional words “Box 11.” Further, Luna claims that because the notice of dismissal
was sent to fewer than all of the attorneys representing Luna, the trial court erred in
dismissing the suit. Because Luna did not raise any of the above complaints in his
motion to retain and because the error of which he complains is not fundamental, he
has failed to preserve such error, if any. See Tex. R. App. P. 33.1(a); Tran v.
Fiorenza, 934 S.W.2d 740, 742 (Tex. App.—Houston [1st Dist.] 1996, no writ)
(holding allegation not contained in pleading or otherwise raised or proven in trial
court cannot be raised for first time on appeal); Thompson v. Ereckson, 814 S.W.2d
805, 808 (Tex. App.—Waco 1991, no writ) (stating that unless error is fundamental,
constitutional challenge not properly raised in trial court by motion to reinstate is
waived on appeal).
          We overrule Luna’s first point of error.
Hearing Requirement under Rule 165a
          In his second point of error, Luna contends that the trial court erred by failing
to clarify, in its notice of dismissal, whether a dismissal hearing would be held and 
by dismissing the suit for want of prosecution without first conducting a hearing. 
UPS argues that such error, if any, was cured when the trial court held a hearing on
Luna’s motion to retain, which the trial court and the parties treated as a motion to
reinstate.  
          A party must be provided with notice and an opportunity to be heard before a
court may dismiss a case for want of prosecution under either Rule 165a or the court’s
inherent authority. See Tex. R. Civ. P. 165a; Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999). A notice of intent to dismiss does not
comply with Rule 165a if the notice does not provide notice of the date and place of
the dismissal hearing. Rohus v. Licona, 942 S.W.2d 111, 112 (Tex. App.—Houston
[1st Dist.] 1997, no writ). The failure to provide adequate notice of the trial court’s
intent to dismiss for want of prosecution requires reversal if not cured. Villarreal,
994 S.W.2d at 630.  
          However, an appellant’s due process rights are satisfied if the trial court holds
a hearing on the appellant’s motion to reinstate, while having full control of its
judgment, even if the trial court has failed to provide sufficient notice or hold a
hearing before dismissing the appellant’s case. Jimenez v. Transwestern Prop. Co.,
999 S.W.2d 125, 129-29 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The
rationale for this rule is that the dismissed party thereby receives the same hearing
with the same burden of proof as it would have had before the order of dismissal was
signed and, therefore, no harmful error is shown. Franklin v. Sherman Indep. Sch.
Dist., 53 S.W.3d 398, 402-03 (Tex. App.—Dallas 2001, pet. denied). 
          After his case was dismissed, Luna filed a motion to retain, which the trial
court and the parties effectively treated as a motion to reinstate. On October 19,
2001, the trial court heard Luna’s motion to retain. After considering the arguments
and pleadings of the parties, the trial court denied reinstatement. Because the trial
court held a hearing on Luna’s motion to retain, his due process rights have been
satisfied, and he has failed to show harmful error.
          We overrule Luna’s second point of error.
Due Diligence under Rule 165a
          In his third point of error, Luna contends that the trial court erred by dismissing
his suit, which he had allegedly prosecuted with due diligence, under Rule 165a. See
Tex. R. Civ. P. 165a.  
          The trial court’s authority to dismiss is derived both from Rule 165a and its
own inherent powers. Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex.
App.—Houston [14th Dist.] 1993, no writ). There are three grounds upon which a
trial court may dismiss a case under Rule 165a: (1) a party’s failure to appear at a
hearing, (2) the failure to dispose of a case within the period prescribed by the Texas
Supreme Court guidelines, and (3) a party’s failure to prosecute the case with
diligence. See Tex. R. Civ. P. 165a; Villarreal, 994 S.W.2d at 630. When an
unreasonable delay in the prosecution of a case occurs, it is presumed that the case
has been abandoned. See Bilnoski, 858 S.W.2d at 57. If that delay is not sufficiently
explained, the presumption of abandonment is conclusive, and the case will be
dismissed. Id. In deciding whether to dismiss a case, a trial court may consider the
entire history of the case, including the amount of activity on the case, the length of
time the case was on file, any request for a trial date, and the existence of reasonable
excuses for the delay. Id. at 58. We must look to the record in its entirety and will
reverse the trial court only if that court clearly abused its discretion. Id.
          The record supports an implied finding that the case was not prosecuted with
diligence. Nearly six years elapsed between the date the case was filed and the date
the trial court dismissed it. Between December 1998 and July 7, 2001, the date the
trial court issued its notice of dismissal—a period of two and one half years—the only
activity that occurred in the case was the re-designation of counsel, both by Luna and
UPS. Further, between October 16, 2000 and July 7, 2001, no activity occurred in the
case at all. Although the parties participated in discovery and Luna twice requested
a trial setting in September and November 1998,


 very little, if any, prosecution
occurred in the case thereafter until it was dismissed on July 7, 2001. 
          In his motion to retain, Luna stated that good cause existed to reinstate the
case, but did not recite any facts supporting this contention. There is no reporter’s
record for us to review to determine what reasons Luna raised at the hearing on his
motion to retain to support his contention. Because Luna failed diligently to
prosecute the case, and because Luna did not make a record for us to evaluate
whether Luna showed any reasonable excuses for his delay in prosecuting the case,
we hold that the trial court did not abuse its discretion by dismissing the case under
Rule 165a.
          We overrule Luna’s third point of error.
Motion to Retain or Reinstate
          In his fourth point of error, Luna contends that the trial court erred by denying
his motion to retain, which the trial court effectively treated as a motion to reinstate. 
          Rule 165a provides that the trial court must reinstate the case upon finding,
after a hearing, that the failure of the party or his attorney was not intentional or the
result of conscious indifference, but was due to accident or mistake. See Tex. R. Civ.
P. 165a(3). We will uphold a ruling on a motion to reinstate absent a showing that
the trial court abused its discretion. Kenley v. Quintana Petroleum Corp., 931
S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied). The party requesting
reinstatement has the burden to bring forth a record establishing that reinstatement
was required. Id. 
          We have already determined that the record does not support a finding that the
trial court abused its discretion by dismissing the case. Rather, the record supports
an implied finding that Luna did not prosecute his case with diligence. Therefore,
Luna has failed to meet his burden to bring forth a record supporting reinstatement. 
          We overrule Luna’s fourth point of error.
Dismissal with Prejudice
          In his fifth point of error, Luna contends that the trial court erred by dismissing
his case with prejudice.
          It is well-established that dismissal for want of prosecution does not preclude
the filing of another suit; therefore, dismissing a case with prejudice for want of
prosecution is improper. See Willis v. Barron, 604 S.W.2d 447, 450 (Tex.
App.—Tyler 1980, writ ref’d n.r.e.). If a case has been dismissed with prejudice for
want of prosecution, the order of the trial court dismissing the suit must be reformed
to eliminate the words “with prejudice.” See Texas Soc’y, Daughters of the Am.
Revolution, Inc. v. Hubbard, 768 S.W.2d 858, 863 (Tex. App.—Texarkana 1989, no
writ). 
          We sustain appellant’s fifth point of error. 
 
Conclusion
          We modify the judgment to dismiss the case without prejudice. We affirm the
judgment as so modified.



     Tim Taft
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.