Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-07-00855-CV

Eva **ORTIZ**,
Appellant

v.

**COLUMBUS INSURANCE AGENCY**,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 07-07-18513-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:      Alma L. López, Chief Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:   July 30, 2008

AFFIRMED

Appellant Eva Ortiz challenges the trial court's dismissal of her breach of contract lawsuit against Columbus Insurance Agency for want of prosecution, and its denial of her motion to reinstate. Finding no error, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Ortiz filed suit against Columbus Insurance Agency in Bexar County, Texas, alleging a cause of action for breach of contract. Columbus answered the suit and filed a motion to transfer venue.

The trial court granted Columbus's motion and ordered the suit transferred to Medina County on June 26, 2007. Thereafter, on September 4, 2007, a trial judge in Medina County dismissed Ortiz's suit without prejudice for lack of prosecution because the court cost associated with the transfer had not been paid by Ortiz. Ortiz filed a verified motion to reinstate claiming that her failure to pay the cost of transfer was not intentional or the result of conscious indifference, but could be reasonably explained. Specifically, the motion stated, "[Ortiz] did not make the payment as notice of the payment due for transferring the case was not received by [Ortiz] or her counsel of record."

Columbus opposed Ortiz's motion to reinstate and included in its written response a certified copy of a July 12, 2007 letter from the Medina County District Clerk addressed to Ortiz's attorney which notified Ortiz that a filing fee of $207 for the transfer of the case was due and owing, and needed to be paid within 30 days in order to avoid the case being dismissed on the court's own motion. On October 3, 2007, the trial court heard Ortiz's motion to reinstate and denied it by written order. Both parties submitted proposed findings of fact and conclusions of law for the court's consideration. The trial court entered the findings of fact and conclusions of law submitted by Columbus on October 24, 2007. Ortiz now appeals.

## DISCUSSION

In two issues, Ortiz argues the trial court abused its discretion in dismissing her case for want of prosecution and failing to reinstate her lawsuit. A trial court may dismiss a suit for want of prosecution based upon Texas Rule of Civil Procedure 165a or because the court possesses inherent power to dismiss when a plaintiff fails to prosecute his or her case with due diligence. TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court. *State v. Rotello,* 671 S.W.2d 507, 508-09 (Tex. 1984). We review an order of dismissal for want of

-2-

prosecution and an order overruling a motion to reinstate under a clear abuse of discretion standard. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court abuses its discretion if it is shown, with respect to the resolution of factual disputes, that the trial court could reasonably have reached only one decision. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). With respect to determinations of legal principles, the "trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion . . . ." *Id.*

Ortiz maintains the trial court abused its discretion when it denied her request for reinstatement because she provided a "reasonable explanation" for her untimely payment of the court cost and because she established a totality of factors indicating due diligence on her part. Generally, whether a party has prosecuted a case with reasonable diligence is a factual determination. *MacGregor,* 941 S.W.2d at 76. No single factor is determinative; instead, the trial court may consider the suit's history, including the length of time the suit has been pending, the extent and type of activity in the suit, and the movant's explanation for the delay. *Christian v. Christian,* 985 S.W.2d 513, 514-15 (Tex. App.—San Antonio 1998, no pet.).

Here, Ortiz's case was dismissed for want of prosecution for failure to pay the cost associated with transferring the case to Medina County. On appeal, Ortiz acknowledges she was aware of the June 27, 2007 order transferring her suit and assessing costs of court against her. She argues in her brief, however, that the June 27, 2007 order did not indicate an amount owed to the court, a time in which to submit payment, or where the payment should be sent. She further argues her failure to timely pay the Medina County court costs was due to either mistake or accident on the part of the United States Postal Service, as neither she nor her attorney ever received the July 12, 2007

correspondence notifying her of the court's intent to dismiss for non-payment. In addition, she states she exercised due diligence by tendering payment of the $207 cost with her motion to reinstate. She maintains this explanation meets her burden for reinstatement because it is reasonable and "not contradicted or disproven by [Columbus]." TEX. R. CIV. P. 165a(3) ("The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.").

We begin our analysis by first noting that, contrary to Ortiz's assertion that her motion to reinstate was "not contradicted or disproven" by Columbus, the record reveals Columbus did challenge Ortiz's explanation for delayed payment. At the time of the hearing, the trial court had two written pleadings before it—Ortiz's verified motion to reinstate and Columbus's written response in opposition. Within that response, Columbus attached several exhibits, including a certified copy of the July 12, 2007 letter from the Medina County District Clerk addressed to Russell Amsberry, attorney of record for Ortiz, notifying Amsberry that the filing fee for transfer of the case was $207 and that the fee needed to be paid within thirty days to avoid dismissal of the case on the court's own motion. Columbus's response further asserted that Ortiz's counsel did receive the July 12, 2007 notice letter because it was properly addressed and placed in the United States mail, and because the letter was never returned to the district clerk. Furthermore, contrary to Ortiz's assertion that Columbus did not disprove its explanation for delay, Ortiz as the movant, not Columbus, bears the burden of proof to establish the ground for reinstatement under Rule 165a. *Kenley v. Quintana Petroleum Corp.,* 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied). After a case has been dismissed for want of prosecution, "[t]he party requesting reinstatement has the burden to

bring forth a record establishing that reinstatement was required. . . An affidavit or other competent evidence is required to affirmatively show that no notice was received." *Id.* (internal citations omitted).

Turning to the record before us, as pointed out by Columbus, Ortiz has not provided this court with a reporter's record of the hearing on her motion to reinstate. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."). Not every appeal, however, requires a reporter's record; a reporter's record is not necessary if "only arguments by counsel are presented in open court." *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 782 (Tex. 2005). Without a reporter's record, it is unclear whether the October 3, 2007 hearing on Ortiz's motion to reinstate was evidentiary or nonevidentiary. The trial court's October 3, 2007 order states that the court considered "the pleadings, evidence, and arguments of counsel" in denying the motion to reinstate. However, in briefing before this court, neither party argues that any evidence was presented to the trial judge during the hearing on the motion to reinstate, and, in fact, one of the trial court's conclusions of law is that, "Plaintiff presented **no** evidence at the hearing in support of Plaintiff's grounds to reinstate." (emphasis added). Absent a clear indication that the October 3, 2007 hearing was an evidentiary hearing, we will presume that it was nonevidentiary and that the trial court considered only the evidence filed with the clerk. *Id.* at 783. Since the October 3, 2007 hearing is presumed to be nonevidentiary, Ortiz has not waived error by her failure to present this court with a reporter's record. *Cf. id.* (complaining party must present record to establish harmful error from evidentiary hearing).

Because we have no reporter's record of the hearing, however, we must indulge every reasonable presumption in favor of the findings and judgment of the trial court. *Wright v. Wright,*

699 S.W.2d 620, 622 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). From the record before us, we are able to ascertain that although Ortiz denied within her verified motion for reinstatement that she had received the July 12, 2007 notice letter, the trial court entered several findings of fact against Ortiz's assertion. In fact, after the hearing, the trial court entered a total of thirty-one findings of fact, including that, "[p]laintiff's counsel does not dispute that the address [used in the July 12, 2007 letter] is his correct address," the July 12, 2007 letter was "properly addressed, stamped and mailed," "was not returned to the Medina County District Clerk undelivered," and "was duly received by plaintiff's counsel." Under our Rules of Civil Procedure, "[s]ervice by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *See* TEX. R. CIV. P. 21a. Furthermore, Rule 21a sets up a presumption that notice properly mailed was duly received. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex. 1987). "This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law." *Id.* Here, the only offer of proof was the following verified statement, "[Ortiz] did not make the payment as notice of the payment due for transferring the case was not received by [Ortiz] or her counsel of record." *Cf. id.* at 779 (both party and attorney provided sworn testimony that they had not received notice of trial setting). When viewed in the light most favorable to the trial court's findings, as we must, we cannot say that the trial court abused its discretion when it rejected Ortiz's offer of proof of nonreceipt. Additionally, the trial court entered several conclusions of law, including that Ortiz "failed to prosecute [her] case with due diligence," "presented no evidence at the hearing in support of plaintiff's grounds to reinstate," and "failed to meet plaintiff's burden of proof to have this case reinstated." Again, indulging every reasonable presumption in favor of the

findings and judgment of the trial court, we hold the trial court did not abuse its discretion in dismissing and refusing to reinstate Ortiz's lawsuit against Columbus.  The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice