**REVERSE and REMAND and Opinion Filed March 15, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00356-CV

**BROOKS-PHS HEIRS, LLC, BROOKS-PSC HEIRS, LLC; BROOKS-WTC HEIRS, LLC; ALASTAIR TRICKETT; PENELOPE TRICKETT; HEATHER ELIZABETH OLSEN; MARILYN HOLMES TULLOCH; NANCY LEE HALSTED WOODMANSEE; JUNE C. HAACK; MARILYN HALSTED; JOSEPH EDWIN HALSTED; THOMAS ARTHUR HALSTED; ROBERT BRUCE HALSTED; MARGARET H. REYNOLDS; MARY P. HALSTED; JANE DECOSKY; CAROL CANFIELD CLARKE-TERRILL, FORMERLY CAROL C. SWEARINGEN, AS TRUSTEE OF THE ROBERT G. SWEARINGEN REVOCABLE TRUST DECEMBER 19, 2001; MARCELLE BRANNEN; AND ROBERT G. MCLEOD, ALSO KNOWN AS BOB MCLEOD, Appellants**
**V.**
**RICHARD HOWARD BOWERMAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT BOWERMAN, DECEASED; STEVEN ROBERT BOWERMAN, INDIVIDUALLY; AND ESTHER MICHELE DAUGHERTY, INDIVIDUALLY, Appellees**

**On Appeal from the 225th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2013-CI-10924**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Schenck

On our own motion, we withdraw our opinion and vacate our judgment of February 11, 2019, and substitute this opinion in its place. Appellants appeal the trial court's dismissal of their quiet title action. In two issues, appellants contend the trial court abused its discretion in dismissing their action for want of prosecution and in denying their motion to reinstate. For the reasons that follow, we reverse the trial court's denial of appellants' motion to reinstate and remand

the case for further proceedings consistent with this opinion. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

**BACKGROUND**

Claralyn Trickett owned an undivided 1/32 royalty interest in mineral estates in property located in Bexar and LaSalle Counties at the time of her death on December 24, 1972, at the age of 48. Both appellants and appellees claim to have inherited the royalty interests in these mineral estates. Appellants claim they inherited the interest directly as the legal heirs, or, indirectly, as the heirs, successors, or assigns of the legal heirs, of Claralyn Trickett; appellees claim they inherited the interest as the legal heirs of Robert Bowerman, who, they claim, was legally married to Claralyn Trickett at the time of her death. In 2010 and 2011, appellees filed various affidavits of heirship and deeds in the records of Bexar and La Salle Counties purporting to establish their ownership of the royalty interests.

On July 1, 2013, appellants brought a quiet title action against appellees seeking both a declaration that appellees in fact have no valid ownership interest in the mineral estates and the removal of the affidavits and deeds appellants claim clouded their title. Appellants asserted the Tijuana marriage of Robert Bowerman to Claralyn Trickett was void because Robert Bowerman was still married to his second wife when he purportedly married Claralyn Trickett. Appellees generally denied appellants' claims, challenged appellants' capacity and standing to sue, asserted the affirmative defenses of estoppel, limitations, laches, and waiver, and brought a counterclaim for fees.

Appellees sought abatement of the case claiming appellants had not shown that they were the proper parties to bring such a suit because they had not conducted an heirship proceeding in accordance with sections 48 and 49 of the probate code to determine the identity of all of the heirs at law of Claralyn Trickett. On October 9, 2013, the trial court signed an Agreed Abatement Order

–2–

providing that "[u]pon written motion of Defendants, and with the consent of counsel for Plaintiffs, and for good cause shown, the Court orders the above-captioned suit is to be abated in part[1] for a period of nine (9) months or until the completion of a suit for determination of heirship of Claralyn Trickett, also known as Claralyn Bowerman, whichever is earlier, at which time the parties will report back to this Court."

On June 7, 2016, the trial court dismissed the case for want of prosecution. The trial court set aside that dismissal on June 13, 2016, due to improper notice. The trial court then set the case for dismissal on September 13, 2016. Appellants objected to the dismissal indicating that: On March 25, 2015, they filed an Application to Determine Heirship of Claralyn Trickett in the County Court of La Salle County; that case was later transferred to the Probate Court in Bexar County and is set for a jury trial on February 21, 2017; and a judicial ruling on the heirship issue is legally necessary before they can proceed in the quiet title case, as appellees had alleged in originally obtaining an abatement. By agreement of the parties, or action of the trial court, the case was carried on the trial court's November 15, 2016, May 23, 2017, August 22, 2017, and January 9, 2018 dismissal dockets. On January 9, 2018, the trial court dismissed the case.

On January 30, 2018, appellants filed a Verified Motion to Reinstate the case. The trial court held a hearing on appellants' motion to reinstate on February 13, 2018. When the trial court inquired whether there were any new developments since the dismissal, appellants indicated that the only new development was that the probate court had set the heirship determination proceeding for trial on May 21, 2018. The judge indicated she was not going to reconsider or undo something

---

[1] The trial court ordered that, by agreement of the parties, discovery would proceed while the case is abated.

–3–

that another one of her fellow district court judges had already determined,[2] and denied the motion. This appeal followed.[3]

<h2 style="text-align:center">DISCUSSION</h2>

A party seeking appellate review of a dismissal for want of prosecution may frame its argument variously as: the trial court erred in dismissing the case; the trial court erred in refusing to reinstate the case; or both. *Kirkpatrick v. Silva*, No. 05-17-00146-CV, 2018 WL 521628, at *3 n.1 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.) (citing *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 838 (Tex. App.—Fort Worth 1999, no pet.)). Each challenge, if sustained, is independently sufficient to obtain reinstatement of the case. *Id.*

Here, appellants challenge both the dismissal and the denial of reinstatement. We address appellants' second issue challenging the denial of their motion to reinstate because it is dispositive of this appeal and pretermit the remaining arguments.

We review the denial of a motion to reinstate following a dismissal for want of prosecution under an abuse of discretion standard. *Regent Care Ctr. at Med. Ctr. v. Hollis*, No. 04-16-00131-CV, 2017 WL 1337652, at *2 (Tex. App.—San Antonio Apr. 12, 2017, no pet.) (mem. op.). In reviewing whether there was an abuse of discretion, the key question is whether the trial court acted without reference to any guiding rules and principles, or in an arbitrary or unreasonable manner. *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.).

When a case is dismissed for want of prosecution, the trial court *shall* reinstate the case upon finding that the failure of the party or his attorney was not intentional or the result of

---

[2] Judge Arteaga heard the motion to reinstate. She also signed the order of dismissal on January 9, 2018. Given her statements during the hearing on the motion to reinstate, it is not clear whether she actually presided over the dismissal of the case on January 9, 2018, or if she merely signed the order after a decision was made.

[3] The Texas Supreme Court transferred this case from the Fourth District Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001. In this procedural posture, we are bound to apply the precedent of that court. TEX. R. APP. P. 41.3.

conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. TEX. R. CIV. P. 165a(3); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Cappetta,* 222 S.W.3d at 167. This standard is essentially the same as the standard for setting aside a default judgment. *Smith*, 913 S.W.2d at 468 (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (1939)). A failure to diligently prosecute is not intentional or due to conscious indifference merely because it is deliberate; it must also be without adequate justification. *Id.*; *Cappetta*, 222 S.W.3d at 167. Proof of such justification, whether it be by accident, mistake, or other reasonable explanation, negates the intent or conscious indifference for which reinstatement can be denied. *Smith*, 913 S.W.2d at 468; *Cappetta*, 222 S.W.3d at 167.

The record before us indicates that, in denying appellants' motion to reinstate, the trial court did not consider whether appellants' failure to move forward in the quiet title action was intentional or the result of conscious indifference or was not justified.[4] TEX. R. CIV. P. 165a(3). In other words, the trial court did not adhere to rule 165a(3)'s mandate and did not apply the *Craddock* factors applicable to this case. *See Smith*, 913 S.W.2d at 468. Rather, the trial court merely indicated some new material factual development since the dismissal was necessary to warrant reinstatement in view of the earlier dismissal having been signed by another judge. But this is not the standard for reinstatement. The decision to grant or deny a motion to reinstate is like any other discretionary decision in the sense that discretion should be exercised, not elided or stuck on auto pilot. *See United States v. Campo*, 140 F.3d 415, 419 (2d Cir. 1998) (per curiam) (holding that "refusal to exercise discretion accorded [the court] by law . . . constitutes an error of law"). By conditioning a consideration of appellants' motion to reinstate on a showing of an event

---

[4] The trial court stated "What I need to know is there's a judge who's already determined this on January 9th. That judge disagreed and dismissed it. So you want me to reconsider. I'm not going to reconsider or I'm not going to undo something that another one of my [fellow] district court judges has already determined."

subsequent to the dismissal, the trial court effectively refused to exercise its discretion and acted without reference to the controlling legal standard. *See Telfair v. Zim Israel Navigation Co.*, 428 F.2d 127, 128 (5th Cir. 1970); *Gonzalez v. Reliant Energy*, 159 S.W.3d 615, 624 (Tex. 2005) (failure to apply the law correctly constitutes abuse of discretion). We may correct such an error on appeal. *Ramco Oil & Gas v. Anglo Dutch*, 171 S.W.3d 905, 910 (Tex. App.—Houston [14th Dist.] 2005 no pet.); Tex. R. App. P. 43.2(c).

Accordingly, we will review the record to determine whether appellants met their burden of proof under rule 165a(3) and *Smith*, applying a standard similar to *Craddock* in cases involving motions to reinstate after courts dismiss cases for want of prosecution to determine whether the court might have properly denied the motion under that standard. *See Martinez v. Benavides*, No. 04-15-00465-CV, 2016 WL 3085913, at *2 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op.).

Appellants' Motion to Reinstate was verified by appellants' attorney Randall Calvert.[5] The motion set forth the following relevant facts:

- At one time, the trial court had abated the case recognizing that its jurisdiction to hear the case depended on appellants' standing to bring their claims and that a determination of heirship was a prerequisite to proceeding in this case;

- Appellants had to hire a genealogy expert and conduct extensive searches in both North America and the United Kingdom for potential heirs of Claralyn Trickett;

- Following the completion of the expert's genealogy report, appellants Marcelle Swearingen and Nancy Lee Woodmansee, on behalf of the legal heirs of Claralyn Trickett, filed an application to determine heirship in the county court of LaSalle County;

- The La Salle County case was transferred to the Bexar County probate court;

- Appellant Marcelle Swearingen filed in the heirship proceeding a petition to recover money belonging to the estate/rightful heirs, seeking to recover oil and gas proceeds the appellants claim were incorrectly paid to the Bowermans;

---

[5] The verification was subscribed and sworn to by Randall Calvert before a notary public and states that he is capable of making the verification, he has read the motion to reinstate, and that the facts and matters stated in it are within his personal knowledge and are true and correct.

–6–

- The quiet title action, the application to determine heirship, and the petition to recover money, are interrelated because each turn on whether Robert Bowerman was legally married to Claralyn Trickett, and that issue would be resolved by a jury in the application to determine heirship proceeding;

- Appellants had attempted to transfer and consolidate this case with the heirship determination proceeding and appellees had opposed those efforts, despite having urged abatement on that account;

- Appellants had complied with the deadlines set forth in the probate court's docket control order in the heirship determination case, the parties had attempted to settle their dispute and when settlement discussions broke down, appellants promptly requested that the probate court enter a new docket control order, resulting in a trial setting on May 21, 2018, a mere 4 months after dismissal of this case; and

- Once the heirship determination proceeding goes to trial, appellants will be in a position to quickly proceed to trial in this case.[6]

At the hearing on the motion to reinstate, Mr. Calvert reiterated that after the settlement discussions broke down, plaintiffs/appellants moved to have a new docket control order and a new trial date in the determination of heirship case, defendants/appellees objected to that request, the probate judge set the heirship determination case for trial on May 21st, defendants/appellees claim the heirship determination proceeding is a prerequisite to this case and that case will resolve virtually all the issues in this case, and this case can be quickly resolved as soon as the heirship determination case goes to trial. He further indicated that plaintiffs/appellants attempted to transfer this case and consolidate the cases, defendants/appellees objected to the transfer and consolidation, and plaintiffs/appellants complied with all the docket control orders, and all of the discovery in the heirship determination case.

Citing *Bard v. Frank B. Hall & Co.*, appellees claim the trial court did not abuse its discretion in denying appellants' motion to reinstate because appellants did not offer any evidence

---

[6] After the trial in the heirship proceeding, appellants attempted to include in the record before this Court the jury's verdict in that proceeding finding Robert Bowerman was not legally married to Claralyn Trickett. The jury's verdict in the heirship proceeding does not impact our disposition of this appeal. Consequently, we need not determine whether it is properly before this Court.

at either the hearing on dismissal or on the motion to reinstate the cause. 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied) (citing *Frank v. Canavati*, 612 S.W.2d 221, 222–23 (Tex. App.—San Antonio 1980, writ ref'd n.r.e.)) (finding no abuse in discretion in dismissing plaintiff's claims when the plaintiff offered no evidence, explanation *or* excuse for the unreasonable delay in prosecuting his claim at the dismissal hearing and the hearing on the motion to reinstate)). Appellees' contention necessarily discounts the effect of a properly verified motion to reinstate and the filing of the reporter's record on appeal. A trial court abuses its discretion in denying a motion to reinstate where a verified motion to reinstate reasonably explains the failure to appear at docket call or at a hearing, and the record contains no evidence that the failure was intentional or the result of conscious indifference. *See S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op). No separate presentation of evidence at a hearing is required if the verified motion is adequate. *Cf. Director, State Empls. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (motion for new trial challenging post-answer default judgment); *Tex. Farmers Ins. Co. v. Clack*, No. 04-17-00348-CV, 2018 WL 2024664, at *3 (Tex. App.—San Antonio May 2, 2018, pet. filed) (mem. op.) (motion for new trial challenging a no-answer default judgment); *Drawe v. McGuffin*, 355 S.W.2d 738 (Tex. App.—San Antonio 1961, no writ) (a motion to reinstate is in the nature of a motion for new trial).

Moreover, in *Bard*, unlike here, Bard failed to provide a reporter's record on appeal, despite having had a hearing on his motion to reinstate. The court in *Bard* concluded that "with no statement of facts [transcript from the hearing] or findings of fact before us, we must presume that the presiding judge at the dismissal hearing and the trial judge at the hearing on plaintiff's motion to reinstate the cause had before them, at the respective hearings, all necessary facts to support the orders and passed on such facts which were necessary to support the orders." *Id.* at 845. Here, we

have both the reporter's record and a properly verified motion to reinstate. Thus, we can consider the explanations provided in the verified motion and operate without any presumption that the trial judge heard and credited contrary evidence refuting the averments in the motion in accordance with the resulting judgment.

This case is more akin to the situation in *Kenley v. Quintana Petro. Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied). There, as here, the motion to reinstate included counsel's affidavit verifying that all facts in the motion were true and correct. *Id.* The motion stated plaintiff's counsel had not received notice of the dismissal hearing. *Id.* At the hearing on the motion to reinstate, counsel re-urged the inadequate notice issue, and local counsel described the circumstances of her failure to announce. *Id.* In that case, the San Antonio Court of Appeals concluded the trial court abused its discretion by not granting the motion to reinstate. *Id.*

Appellants' motion to reinstate included Mr. Calvert's verification that all facts in the motion were within his personal knowledge and were true and correct. Those facts are set forth *supra*. At the February 13, 2018 hearing on the motion to reinstate, Mr. Calvert re-urged the interrelatedness of the heirship determination and the quiet title actions, his attempts to consolidate the cases without success, due in part to the opposition of appellees, and the necessity of concluding the heirship determination case prior to proceeding to trial in this case, which can be accomplished quickly after that case goes to trial on May 21, 2018.

We conclude the above facts constitute a reasonable explanation of appellants' failure to move forward with the quiet title action. The actions were not "intentional" or a result of "conscious indifference." Logically, heirship had to be decided before the district court could determine whether appellants had standing to bring the quiet title action and whether appellees had improperly clouded the title to the mineral interests at issue. Moreover, Texas courts have a strong policy supporting resolution of cases on their merits, and in promoting the predictability of

property ownership and reliability of land titles, both of which strongly support the reinstatement of appellants' claims. *See Cosgrove v. Cade*, 468 S.W.3d 32, 34 (Tex. 2015); *Sutherland v. Spencer*, 376 S.W.3d 752, 756 (Tex. 2012).

We conclude the trial court abused its discretion in failing to reinstate appellants' case because it did not consider or apply the *Craddock* factors applicable to this case and, had it done so, it should have concluded that appellants' failure to proceed with their quiet title action without first having the heirship determined was not intentional or due to conscious indifference, but was justified under the unique facts of this case. Accordingly, we sustain appellants' second issue. Having concluded the trial court abused its discretion in refusing to reinstate the case, we pretermit consideration of appellants' first issue challenging the dismissal for want of prosecution. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's order denying appellants' motion to reinstate, reinstate appellants' lawsuit, and remand the case to the trial court for further proceedings.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


180356F.P05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BROOKS-PHS HEIRS, LLC, BROOKS-PSC HEIRS, LLC; BROOKS-WTC HEIRS, LLC; ALASTAIR TRICKETT; PENELOPE TRICKETT; HEATHER ELIZABETH OLSEN; MARILYN HOLMES TULLOCH; NANCY LEE HALSTED WOODMANSEE; JUNE C. HAACK; MARILYN HALSTED; JOSEPH EDWIN HALSTED; THOMAS ARTHUR HALSTED; ROBERT BRUCE HALSTED; MARGARET H. REYNOLDS; MARY P. HALSTED; JANE DECOSKY; CAROL CANFIELD CLARKE-TERRILL, FORMERLY CAROL C. SWEARINGEN, AS TRUSTEE OF THE ROBERT G. SWEARINGEN REVOCABLE TRUST DECEMBER 19, 2001; MARCELLE BRANNEN; AND ROBERT G. MCLEOD, ALSO KNOWN AS BOB MCLEOD, Appellants

On Appeal from the 225th District Court, Bexar County, Texas
Trial Court Cause No. 2013CI10924.
Opinion delivered by Justice Schenck.
Justices Reichek and Nowell participating.

No. 05-18-00356-CV          V.

RICHARD HOWARD BOWERMAN, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT BOWERMAN, DECEASED; STEVEN ROBERT BOWERMAN, INDIVIDUALLY; AND ESTHER MICHELE DAUGHERTY, INDIVIDUALLY Appellees

In accordance with this Court's opinion of this date, we **VACATE** the judgment of February 11, 2019. This is now the judgment of the Court.

–11–

The trial court order denying appellants' motion to reinstate is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants BROOKS-PHS HEIRS, LLC ET AL. recover their costs of this appeal from appellees RICHARD HOWARD BOWERMAN ET AL.

Judgment entered this 15th day of March, 2019.